## JOSEPH H. SENTNER v. JOSEPH B. TEES.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued January 23, 1890—Decided February 3, 1890.

Where two adjacent properties, one improved and the other unimproved,
lie below the grade of a street, the owner of the unimproved lot is not
liable in damages for the natural flow of surface water from his lot
into the cellars of the houses on the adjoining lot, even though the water
might be drained away by connections with a city sewer.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 3 January Term 1890, Sup. Ct.; court below, No. 267
March Term 1888, C. P. No. 1.

On April 28, 1888, Joseph H. Sentner brought trespass
against Joseph B. Tees, to recover for injuries to real estate.
Issue.

At the trial on January 11, 1889, it was shown, in substance,
that plaintiff and defendant owned adjoining properties on
North sixth street, Philadelphia, between Venango street and
Erie avenue.   When both the parties purchased, the lots were
unimproved and lay below the grade of the street, which was
then paved and sewered.   In the summer of 1887, the plaintiff
built several dwellings upon the front of his property.   In the
fall of the same year the defendant sold the rear end of his lot,
and his grantee built upon it, filling up some feet behind the
buildings erected.   Before the buildings were erected upon these ·
lots, the water falling upon the surface would pass off by a
natural drainage, the direction of which was disputed in the
testimony.   Whether the surface water upon defendant's lot
could be drained by the sewer, was also disputed.   In the fall
and winter of 1887–8, the water falling upon the defendant's
property accumulated and flowed therefrom upon the property
of the plaintiff and into his cellars.   Hence this suit.

At the close of the testimony the plaintiff requested the
court to charge:

Arguments.

1. It is the duty of the owner of a city lot to so regulate the drainage of his lot as that water which falls or accumulates upon it shall not run upon the lot or into the cellars and houses of his neighbors, and especially is this so, where the owner of a lot can drain the same into a sewer constructed for that purpose; and if the owner of such a lot fails to provide proper drainage for the carrying off of water which falls or accumulates upon his lot, and permits the water to flow into the cellars of adjoining dwelling-houses, he is responsible in damages to the owners of such houses for any injury to them by the flowing in of said water.

2. If, therefore, you find as a fact that water did fall and accumulate upon the lot of the defendant and flowed therefrom into the cellars of the houses of the plaintiff, resulting in injury to him, your verdict will be for the plaintiff, and he is entitled to recover any loss or damage which he sustained by reason of the water thus flowing into his cellars.

The court, BREGY, J., refused the foregoing points and instructed the jury:

" I will shorten your labors in this case by instructing you to find a verdict for the defendant. I have given the matter some thought during the night, and I have changed my mind as to the liability of the defendant for the injury sustained by the plaintiff. As the defendant did not bring the water upon the premises, and as he did nothing but simply allow his lot to remain unimproved, and the plaintiff built upon his, the defendant did not bring about the injury to the plaintiff and I instruct you to find a verdict for the defendant."

The jury having returned a verdict for the defendant, judgment was entered thereon, when the plaintiff took this appeal, assigning the refusal of the plaintiff's points and the instruction to the jury for error.

*Mr. M. J. O' Callaghan,* for the appellant.

Counsel cited: Penna. Coal Co. v. Sanderson, 113 Pa. 145; Schum v. Penna. R. Co., 107 Pa. 8; Blyth v. Water-Works Co., 11 Exch. 784; Bentz v. Armstrong, 8 W. & S. 40; Kauffman v. Griesemer, 26 Pa. 407; Miller v. Laubach, 47 Pa. 154; Del. etc. Canal Co. v. Goldstein, 125 Pa. 246; Washburn on Easements, 4th ed., 334; West Bellevue Bor. v. Huddleston, 1

Syllabus.

Mona. 129; Haynes v. Burlington, 38 Vt. 359; 4 Lead. C. on Real Prop., 307, 309, 339–40; Pittsb. etc. Ry. Co. v. Gilleland, 56 Pa. 450; Schilling v. Abernethy, 112 Pa. 437.

*Mr. J. Willis Martin*, for the appellee.

Counsel cited: MacLean v. Burnham, 19 W. N. 53; Huey v. Gahlenbeck, 121 Pa. 238; Stager v. Pass. Ry. Co., 119 Pa. 70; Gramlich v. Wurst, 86 Pa. 74; Hutchinson v. Schimmelfeder, 40 Pa. 396; Sowers v. Lowe, 20 W. N. 76; Scranton City's App., 121 Pa. 97; Vanderle v. Taylor, 65 N. Y. 341; Goshorn v. Smith, 92 Pa. 435; Martin v. Riddle, 26 Pa. 415; Miller v. Laubach, 47 Pa. 154; Fair v. Philadelphia, 88 Pa. 309; Collins v. Philadelphia, 93 Pa. 272; Carr v. Northern Liberties, 35 Pa. 324.

PER CURIAM:

Judgment affirmed.

---

STEPHEN KELLY v. J. M. BENNETT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 23, 1890—Decided February 3, 1890.
[To be reported.]

1. For personal injuries received by the plaintiff when falling upon an icy street and striking his hand upon the spear-pointed railing about an area-way, a lawful structure upon a sidewalk, the owner of the property to which the area-way belongs is not responsible in damages.
2. Error cannot be assigned to the refusal of a motion for judgment of nonsuit. And a single specification embracing more than one point, —for example, one assignment alleging error in the answers to several points for instruction, is not in accordance with the Rules of Court: Rule XXII.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 5 January Term 1889, Sup. Ct.; court below, number and term not given.