## Isabella Lohr *v.* Philipsburg Borough, Appellant.

*Negligence—Boroughs—Sidewalks—Notice—Evidence.*

In an action against a borough to recover damages for personal injuries caused by a fall on an alleged defective sidewalk, it is proper to admit evidence of the condition of the sidewalk two days after the accident, where it is not alleged that there was any change in its condition from the time of the accident to the time of the examination by the witnesses.

In such a case there is no implied notice to the borough of a defect in the sidewalk, where the plaintiff and all her witnesses agree in testifying that the sidewalk was near the ground and level, that the boards were in place, and apparently sound, and that in walking over it there was no noticeable defect in it.

The testimony of a witness that she was tripped by a loose board in the sidewalk two or three weeks before the accident, is insufficient to charge notice to the borough, where it appears that the occupant of abutting premises who passed over the walk several times a day, put the board in proper position, and nailed it to the stringers as soon as he discovered that it was out of place, and that the witness went over the walk several times between the day when she slipped on the board, and the day of the accident to plaintiff, and did not observe any defects in it.

Mr. Chief Justice Sterrett dissented.

Argued April 19, 1894. Appeal, No. 430, Jan. T., 1894, by defendant, from judgment of C. P. Centre Co., Aug. T., 1890, No. 182, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ. Reversed.

Trespass for personal injuries, caused by falling upon alleged defective sidewalk.   Before FURST, P. J.

At the trial it appeared that, on April 29, 1890, plaintiff slipped on an alleged defective sidewalk in the borough of Philipsburg, and injured herself.   The case had been previously tried, appealed and reported in 156 Pa. 246, where the judgment was reversed, and new venire awarded.

At the second trial plaintiff proposed to show by David Lohr, plaintiff's husband, Wesley Emory and other witnesses that the next day after the accident to Mrs. Lohr, or a day or two afterwards, he and other witnesses went to the place designated by Mrs. Marin as the part of the pavement where the accident occurred, and made an examination of the pavement, to show its condition and the character of its construction and what it was made of, all for the purpose of showing the actual condition or defective and dangerous condition of this board-walk.

Defendant objected : (1) Because the condition of the pavement three or four days after the accident occurred, ascertained by a test then made, is incompetent and irrelevant to affect the defendant with notice of its condition.    (2) That the evidence does not purport to show that the defect which occasioned the injury was apparent to all passers-by, or was apparent to observation in the exercise of reasonable supervision on the part of the officers, or had existed such a length of time that they ought to have known its condition, therefore, it is incompetent and irrelevant to affect the defendant.

The Court: We think it is our duty to hear the evidence for the reason set forth in defendant's objection, for the purpose of enlightening the court and jury upon the question whether or not this pavement was in good or safe condition or whether there was any defect therein, which was apparent to the passerby, so as to properly submit the case to the jury ; or, in other words, upon the duty which any municipality owes to the traveling public, not for the purpose of submitting to the jury the test applied to the pavement in order to discover any defect as a test to fix liability.   If the witness had been present when the accident occurred it seems to us the evidence as to the condition of the pavement would be proper for the jury, and would be competent testimony in the case, and an examination immediately after the accident or soon thereafter to show that the

condition then was the same as when the accident occurred, certainly bears upon the condition of the pavement. While we don't receive it as a test of liability, we receive it as evidence of the condition or apparent condition of the pavement at that time. Exception. [1]

The witness Lohr testified that he had examined the pavement where plaintiff fell and found the boards loose so that if one would step on the end of a board it would tilt. But on cross-examination he testified that "You couldn't see anything wrong without examining it."

Other evidence appears by the opinion of the Supreme Court.

Defendant's (4th) request for binding instruction was refused. [6]

Verdict and judgment for plaintiff in $1,800.

*Errors assigned* were among others (1) ruling; (6) instruction; quoting bill of exception, evidence and instruction.

*John G. Love, W. D. Crosby* and *Harry Kellar* with him, for appellant, cited: Burns v. Bradford, 137 Pa. 361; Lohr v. Boro., 156 Pa. 246.

*Ellis L. Orvis, C. P. Hewes* and *C. M. Bower* with him, for appellees.—The testimony that the pavement was in such a decayed condition that the boards would tilt up when stepped on was evidence of constructive notice. The additional evidence made the question of notice conclusive.

OPINION BY MR. JUSTICE McCOLLUM, Jan. 7, 1894:

It is essential to the plaintiff's recovery in this action that she should show by competent evidence a defective and dangerous condition of the sidewalk which was the sole cause of the injury she received and of which the borough had actual or constructive notice before the accident. We think that the evidence descriptive of the condition of the sidewalk two days after she fell upon it was admissible. It is not alleged that there was any change in its condition from the time of her fall to the time of the examination of it by Lohr and Emory. If the condition they described existed when they examined it there would be a reasonable and natural inference that it ex-

isted at the time of the accident. The intervening time of it-
self would make no perceptible change in it. Whether the
borough had notice of such a condition is another matter.
There can be no implied or constructive notice of it unless it
was so obvious that the borough officers, in the exercise of a
reasonable supervision of the sidewalk, ought to have seen it.
Let us consider the question of implied notice in the light of
the evidence and determine whether the borough is liable on
this ground.

The plaintiff and all her witnesses who testified to the ap-
pearance of the walk before the accident agree that it was near
the ground and level, that the boards were in place and ap-
parently sound, and that in walking over it there was no no-
ticeable defect in it. The plaintiff and Mrs. Marin passed
over it twice on the day of the accident. The former said she
did not observe anything wrong with it, and the latter said
there was nothing to indicate that there was a loose board in
it, and that it appeared perfectly safe. Jeremiah Funk testi-
fied that he was over the walk a day or two before the acci-
dent and that there was no observable defect in it then. Surely
in this evidence there was nothing to charge the borough with
notice that the walk was out of repair. Nor do we think that
the loose board which two or three weeks before the accident
tripped Mrs. Perks, under the circumstances testified to by her,
was such notice, because the occupant of the abutting prem-
ises, who passed over the walk several times daily, put it in
proper position and nailed it to the stringers as soon as he dis-
covered it was out of place, and Mrs. Perks was over the walk
several times between that occurrence and the accident in
question, and did not observe any defects in it. When this case
was here before, 156 Pa. 246, we decided, in an opinion by our
brother MITCHELL, that it " was holding the borough to too
strict a rule of responsibility " to require that its officers should
make an examination of the sidewalk by going upon and test-
ing it to discover, if by the eye they could do so, whether it
was defective or not. We then distinctly held that the bor-
ough was not obliged to seek for defects and that the measure
of its duty was to observe such as a reasonable supervision dis-
closed. There is no presumption arising from the occurrence
of April 29th that the duty of supervision and observance was

neglected, nor is there anything in the testimony of Lohr and Emery which can justly charge the borough with notice of the condition they described. They were seeking for defects and their discoveries were based upon tests the borough was not required to make. Such tests, if frequently resorted to, would render the ordinary board walk unsafe in a short time, as the obvious tendency of them would be to loosen the boards and make possible just such accidents as the one in question.

All the defendant's witnesses who testified to the observable condition of the walk prior to the accident said that there was nothing in the appearance of it to indicate that it was unsafe or in any way defective. The plaintiff offered no evidence to show that the borough had actual notice that it was out of repair at any time previous to the 29th of April. True, there was an attempt made in rebuttal to contradict Funk, George, and Doyle by excerpts from their testimony on the former trial but these were offered and received to discredit their testimony on the trial under review, and this was the only purpose for which they were admissible. They furnished no basis for a finding that the borough had notice that the street was out of repair in April, 1890.

There is nothing in the report of the case in 156 Pa. to indicate that the question now before us on the borough's fourth point and the answer to it, was considered or raised by any specification, on the first appeal. A careful study of the evidence in the light of the principles stated in the former decision has satisfied us that there is nothing in it on which to convict the borough of negligence in connection with the supervision of the sidewalk on which the plaintiff fell. We therefore sustain the 6th specification of error.

Judgment reversed.

MR. CHIEF JUSTICE STERRETT dissented.