# Thomas Davidson v. Thomas Sanders and James H. Jenkins, Appellants.

*Easement—Servient and dominant tenements—Surface drainage—Agricultural land.*

It is well settled law in Pennsylvania that in agricultural lands the natural flow of water from land which stands at a higher level upon that which is at a lower level cannot, as a general rule, give cause for action.

*Surface drainage—Rule as applicable to cities and towns.*

It is well settled that the agricultural rule of drainage as between servient and dominant tenements cannot apply in cities and towns. The reason is that no lots would be filled up and graded or be adapted to building purposes if such rules prevailed in towns.

The city lot owner is permitted to form and regulate the surface of his lot as he pleases, taking care, however, not to produce any detriment or injury to his neighbor in the occupation or enjoyment of his lot. It is his duty in improving his lot to do it in such a way as to lead and conduct the water that happens to fall or be on it into a sewer or other appropriate place for the receipt and discharge of the same and not suffer it to be turned or led upon an adjoining lot without the consent of the owner. This he is compelled to do even if obliged to carry it under or through his house or buildings.

*Surface drainage—Negligence—Question for jury.*

Even in agricultural lands an owner cannot negligently change his grade so as to throw an increased burden of surface water upon an adjoining owner, and the question of negligence, either in the conception or construction of any such plan of surface drainage, is properly one for the jury.

*Evidence—Negligence—The time of examination of property alleged to be injured.*

In an action of trespass for negligence arising out of surface drainage, it was not error to permit the testimony of a witness who had examined the property after the impetration of the writ, it being shown that there had been no change in condition between the time of the bringing of the action and the trial, and that the conditions were the same when the witness saw the property as they were prior to the bringing of the suit.

Argued Jan. 15, 1896. Appeal No. 7, Jan. T., 1896, by defendants from judgment of C. P. Lackawanna County, September Term, 1892, No. 342, on verdict in favor of plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed. WILLARD, J., dissents.

Trespass for negligent grading and drainage of defendants' lot, resulting in an increased burden cast upon plaintiff's lot. Verdict for plaintiff in the sum of $300.

It appeared from the evidence that during the fall of the year 1891 the defendants, Thomas Sanders and James H. Jenkins, occupied a lot of land, situate in the city of Scranton, county of Lackawanna, and state of Pennsylvania, upon which lot they erected a dwelling house, dug a well and graded the lot. The lot upon which the defendants commenced work was situated upon Bright avenue, along said avenue fifty feet and extending back one hundred and fifty feet; below this lot and lying between it and Parker street, a street running at right angles to Bright avenue, were three lots of land, each fifty feet wide and one hundred and fifty feet deep; the central one occupied by the plaintiff, and the one on the corner of Parker street and Bright avenue, owned by a man named McGuire, and occupied by Margaret McNealy; the lot on the other side of the plaintiff was occupied by John Grady. The Sanders' and Jenkins' lot is on higher ground than the Davidson, McGuire and Grady lots, and the natural flow of water has always been from the Sanders' and Jenkins' lot towards Parker street over the McGuire, Davidson and Grady lots. The side of the Sanders' and Jenkins' lot towards Parker street was lower than the other side of the lot at the time they took possession.

The grading that the defendants did upon this lot raised the lower side and made the lot more nearly level. The plaintiff alleged at the trial that the grading of the lot increased the flow of water from the defendants' lot upon his, and that he had received some damage thereby. This allegation was denied by the defendants. The defendants asked the court for binding instructions on the ground that there was no evidence to show that the defendants had graded their lot in a negligent manner, or had performed any act of grading, digging or building, negligently; but the court submitted the question to the jury to find whether the grading of the lot and building of the well had been done in such a negligent manner by the defendants as to collect the surface water on the Sanders' and Jenkins' lot practically into one channel, and so as to run substantially the whole of it over the Davidson lot alone.

*Errors assigned* were, (1) refusal of binding instructions for defendants. (2) Refusing to affirm defendants' fifth point demanding binding instructions: That there was no evidence of malice or negligence in the performance of the work by the defendants. (3) In refusing to affirm without qualification defendants' seventh point, which point and answer were as follows: No action can be maintained for changing the course or obstructing the flow of mere surface water by erections on adjoining lands, or by raising or filling to a higher grade; such consequences are the necessary result of the lawful occupation and use of the land, whatever may be the nature of the land. *Answer*: I affirm this point with the qualification that if negligence is found in the manner in which the improvements are made, why then a person may be liable in damages.

(4) Error in charging jury as follows:

" In case you do find in favor of the plaintiff, the question of damages will naturally have to be disposed of by you, if he is entitled to recover a verdict at all, as to how much he is entitled to have. You must use your good common sense under all the testimony upon that question, provided you find a verdict for the plaintiff. The law is that a person who is injured has a right to recover only actual compensation for the injuries inflicted. So if you should find a verdict for the plaintiff, exercise your good sound sense under all the facts of the case as to the amount, but if under the facts of the case and the law as laid down to you by the court, the plaintiff is not entitled to a verdict, then you want to say that you find for the defendants." Again as follows : " The plaintiff does not place any particular money value upon the damages that he has suffered, but he leaves that to you under all the circumstances of the case, that, if he is entitled to recover at all, as to how much the damages ought to be."

(5) Error in charging the jury as follows:

" Was the grading and building of this well done in such a negligent manner by the defendants as to collect the surface water on the Sanders lot practically into one channel, or to have it run in one direction, and that all the water which had been theretofore running over the three lots, the McGuire, the Grady and the Davidson lots, by this grading, was so collected together as to run substantially the whole of it over the David-

son lot alone? Now, that is the question, gentlemen, which you will have to exercise your judgment upon, and you will have to find it from the evidence in the case, and the facts and circumstances connected with the case."

(6) Error in admitting the evidence of Joseph Twiss, who testified as to condition of land after impetration of the writ, there being evidence however, to show that there had been no change in the condition since before the bringing of the action and immediately after the change of grade.

*A. A. Vosburg, W. S. Hulslander,* with him, for appellants.— This case should not have been submitted to the jury for two reasons: (1) Defendants in grading and digging upon their lot performed lawful acts; (2) No negligence or malicious act on their part was shown. Every man has a right to the natural use and enjoyment of his own property: Pa. Coal Co. v. Sanderson, 113 Pa. 146; Huckenstine's Appeal, 70 Pa. 102. No action can be maintained for changing the course or obstructing the flow of mere surface water by erections on adjoining land or by raising or filling to a higher grade; such consequences are the natural results of the lawful appropriation of land: Dickson v. Worcester, 7 Allen, 19; Parks v. Newburyport, 10 Gray, 28; Flagg v. Worcester, 13 Gray, 601. Lower or adjoining fields must necessarily be subject to the flow of surface water from the higher: Martin v. Riddle, 26 Pa. 415; Kauffman v. Griesemer, 26 Pa. 407; Sowers v. Lowe, 7 Cent. Rep. 145; Middlesex Co. v. McCue, 149 Mass. 103. The burden of proving negligence was upon plaintiff: McCulley v. Clark, 40 Pa. 399; Railroad Co. v. Hummell, 44 Pa. 375; Railroad Co. v. Yerger, 73 Pa. 121. Negligence is not be found without evidence: Baker v. Fehr, 97 Pa. 70. The jury were simply allowed to infer or guess that the work was negligently done: 16 Am. & Eng. Ency. of Law, p. 398, 402. There is nothing in the instruction to the jury as to what constitutes negligence: Railroad Co. v. Evans, 53 Pa. 250. The charge was not explicit on the question of damages: Railroad Co. v. Yebe, 33 Pa. 318; Gilmore v. Hunt, 66 Pa. 321.

*Charles H. Soper, Joseph O'Brien* with him, for appellees.— The injury could plainly be anticipated and easily avoided by

exercise of ordinary care: Collins v. Gas Co., 139 Pa. 111. Facts show actionable negligence: Cooley on Torts, 660. The diversion by land owner of surface water out of its natural course is negligence: Glass v. Fritz, 148 Pa. 324: Martin v. Riddle, 26 Pa. 415; Meixell v. Morgan, 149 Pa. 415.

OPINION BY REEDER, J., April 13, 1896:

The appellants contend that the court below erred in submitting the case to the jury for the reason that it was necessary to prove negligence in the construction of the well or the grading of the lot and there was not sufficient evidence of either to justify its submission. This position is defective in its legal proposition as well as in its contention in regard to the testimony. That it is the well settled law in Pennsylvania that in agricultural lands the natural flow of water from land which stands at a higher level upon that which is upon a lower level cannot as a general thing give cause of action cannot be questioned: Meixell v. Morgan, 149 Pa. 415; Martin v. Riddel, 26 Pa. 415; Kauffman v. Griesemer, 26 Pa. 407; Penna. Coal Co. v. Sanderson, 113 Pa. 146.

But in Bentz v. Armstrong, 8 W. & S. 40, approved in Young v. Leedom, 67 Pa. 351, it is held that the agricultural rule of drainage as between servient and dominant tenements cannot apply in cities and towns. The reason is that no lot could be filled up and graded or be adapted to building purposes if such rules prevailed in towns. In the former case Justice KENNEDY says: "In the argument something was said about the natural formation of the surface of the ground of the two lots and that according to it the water as it fell in rain was naturally inclined to run off from the lot of the plaintiff on to that of the defendant below and the latter was therefore bound to submit to it. This however I take to be a non sequitur, for, in the purchase of lots of ground laid out and sold for the purpose of building up cities and towns thereon it has ever been understood and such has been the practice and usage too, that the natural formation of the surface will and indeed must necessarily undergo a change in the construction of the buildings and other improvements that are designed and intended to be made. In doing this it would seem to be right that the common benefit and convenience of the respective owners of ad-

joining lots should be consulted and attended to; but certainly no one ought to be restrained from improving his lot in such a manner as to make it answer the purpose for which it was laid out, sold and purchased, if practicable without overreaching his neighbor's lot. He ought to be permitted to form and regulate the surface of it as he pleases, either by excavating or filling up, as may be requisite to the complete enjoyment of it; taking care however not to produce any detriment or injury to his neighbor in the occupation or enjoyment of his lot. It is of great importance that the water upon each lot arising from rain or other causes should be conducted by the owner thereof, if he wishes to have it removed, directly from it to a sewer or other appropriate place for the receipt and discharge of the same and not to be turned and led upon an adjoining lot without the consent of the owner. And it appears to be the duty of the owner of each lot, if he improves it, to do it in such a way as to lead and conduct the water that happens to fall or be on it off in the way just mentioned, without regard to the original formation of the lot. If the rear of his lot should be elevated so much above the front that he cannot conduct the water to the rear so as to discharge it into a sewer or other appropriate place then he ought to bring it to the front of his lot, where he must of necessity have some place to discharge it without throwing it upon his neighbor's lot. This he ought to do even if he be compelled to carry it under or through his house or buildings." This enunciation by the Supreme Court has stood without qualification or limitation for over fifty years. It seems to have been so universally accepted as a correct exposition of the law that the Supreme Court has in no case since that time been called upon to reconsider the question of the right to recover by one lot owner in a city or town for injury to his property by an adjoining property owner who has built upon and improved his lot, by the flowing of surface or rain water from the one to the other. This is also recognized as a correct exposition of the law by Washburn in the fourth edition of Easements and Servitudes, page 498. This doctrine however is inapplicable to injury to improved property from surface water flowing from unimproved property: Sentner v. Tees, 132 Pa. 216; Vanderwiele v. Taylor, 65 N. Y. 341.

But even if this were not the law yet the assignments of

error would have to be dismissed under the authorities which we first cited, all of which relate to agricultural lands. Negligence need not necessarily be in construction, it may also be in conception. Grading may be perfect in its mechanical execution and yet may be faulty and negligent in its original design. In this case the testimony of the plaintiff was that the water from the Sanders and Jenkins lot naturally flowed upon the lots of McGuire, Grady and Davidson; that the grading of his lot threw the water all upon the Davidson lot, and instead of being diffused was discharged upon Davidson's lot in one volume. This testimony was fairly submitted to the jury, and they found the facts in favor of the plaintiff. Even if these lands were agricultural lands, these facts are sufficient to constitute negligence and to justify the directions of the learned court below under the authorities first cited in this opinion.

The only assignment of error left for our consideration is the sixth. The appellant complains of the action of the court in admitting the evidence of Joseph Twiss, who testified to the condition and appearance of the property of the plaintiff after the impetration of the writ in this action, and assigns such admission as error. It was testified that the grading of defendants' lot was completed prior to the bringing of the plaintiff's action; that there was no change in the flow of water or in the grading of the lot between the time of the bringing of the action and the trial; therefore when Twiss saw the property the conditions were the same as they were prior to the bringing of the suit, and there was therefore no error in the admission of this testimony. No substantial error is disclosed by the other assignments and they are therefore dismissed.

Judgment affirmed.

WILLARD, J., dissents.