## John McClosky and Izett McClosky, his Wife, for the use of Izett McClosky, *v.* Dubois Borough, Appellant.

*Negligence—Defective sidewalk—Question for jury.*

Where a case presented questions of fact as to the conditions of a footwalk, and the conduct of the plaintiff and of the officers of the borough: Was the walk safe or out of repair? Had the borough authorities actual or constructive notice of its alleged defects, and were they negligent in failing to keep it in proper repair? Was the plaintiff injured because of the negligence of the borough officers having charge of the walk and without fault on her part? If so, to what extent, and what was reasonable compensation therefor? There being sufficient evidence to raise these questions the case was properly submitted to the jury.

*Negligence—Boroughs—Sidewalks—Evidence.*

In an action against a borough to recover damages for personal injuries caused by a fall on an alleged defective sidewalk, it is proper to admit evidence of the condition of the sidewalk six weeks after the accident, where it appears that there was no change in its condition from the time of the accident to the time of the examination by the witnesses.

*Practice, C. P.—Improper remarks of counsel—Record—Review.*

Remarks of counsel which are not only in exceedingly bad taste but which grossly violate professional ethics should not be indulged in nor per-

mitted. When such remarks moreover assume the aspect of a threat they should not be tolerated, and a new trial should be granted as a deserved rebuke to counsel for employing such tactics.

In the case at bar the appellate court held that while there was nothing on the record which justified a reversal, the matters objected to deserved notice and rebuke.

*Negligence—Boroughs—Sidewalks—Notice—Evidence.*

The case is properly for the jury where there was evidence tending to show that a plank sidewalk on a borough street was rotten and had been patched in places, and that this had been observed by various persons for periods ranging from six weeks to one year preceding the accident.

Argued Feb. 10, 1897. Appeal, No. 25, Feb. T., 1897, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1894, No. 118, on verdict for plaintiff. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Trespass for injuries resulting from a defective sidewalk. Before Gordon, P. J.

This was an action of trespass brought by John McClosky and Izett McClosky, his wife, for the use of Izett McClosky against the borough of Dubois to recover damages for an alleged injury caused by the plaintiff falling or breaking through a footwalk in said borough about the 10th of April, 1894.

There was evidence tending to show the bad condition of the sidewalk, and that it had been in that condition for some weeks or months, and that the bad condition was obvious and had been noticed by a number of people.

Verdict and judgment for plaintiff for $825. Defendant appealed.

*Errors assigned* were (1) refusing to strike out evidence of John Nale, a witness for plaintiff. The evidence of Nale being to the effect that he had assisted in building the walk between the 19th and 26th of May, 1894, that its condition was bad at the time, that the walk was patched and rotten and that from the appearance there had not been any immediate change in that walk in the last four or six weeks previous to the repair. Defendant moved to have this evidence stricken from the record as incompetent; (2) in not affirming the defendant's third point which point and ruling thereon was as follows : That the evi-

dence of the plaintiff in this case is not sufficient to charge the defendant with constructive notice of the footwalk being out of repair on which the alleged accident occurred, and the verdict should be for the defendant. *Answer :* By this point we are asked to say to the jury that there is no evidence in the cause entitling plaintiff to recover; that there is no evidence of such notice to the borough authorities of the alleged defective sidewalk, and not sufficient evidence to amount to a constructive notice such as to make the borough liable or satisfy the jury in so finding. This is a legal question which we reserve. We therefore refuse the point and submit the case to the jury to render such verdict under the evidence subject to our opinion on said reserved question ; (3) in entering judgment in favor of the plaintiff on the reserved question of law in the following opinion : " As to the reserved question, I am convinced it would have been error to take the case from the jury and direct a verdict for the defendant as requested in the third point, which was refused with the legal question contained therein reserved. Whether the evidence was sufficient to establish constructive notice to the borough of the defect in the sidewalk causing the injury in question, was for the jury. There was sufficient evidence to make its submission necessary. The motion for judgment non obstante must therefore be refused ; " (4) the court erred in not granting defendant relief from the misbehavior of the plaintiff's counsel in the argument of the case to the jury, which misconduct and the opinion of the court thereon is as follows : " The counsel for plaintiff misbehaved himself in making the following statements to the jury in his argument, which were not borne out by the evidence. (*a*) 'Referring to the street commissioner's appearance on the stand, counsel stated : He enjoys it more than the people. The borough of Dubois enjoys paying damages to every term of court by reason of his enjoyment.' (*b*) 'Wayne swore he bought the plank to build that walk before he went home that day (meaning the day he purchased the property.) ' (*c*) 'If you can find from this testimony, that this walk was good, we will have this testimony engrossed and put your names to it and hang it up in the courthouse and call the attention of every person to it and say to them that that is the kind of a walk you must have and that kind of a walk you must walk over.' (*d*) 'This is not the first time the borough

has been in this court, and this is not the first time that this kind of a defense has been set up.' (*e*) 'When you put a man on the witness stand as narrow between the eyes as Dr. Ross, who will hang onto a little doctor bill because his son-in-law is on the other side of the case.' (*f*) Referring to the borough, counsel said: 'it has a taxable valuation of $3,000,000 and I don't believe there is anybody in the borough of Dubois that wanted to set up this kind of a defense. No person has asked this kind of a defense to be made and . . . . we know the people over there do not want this kind of a defense.' (*g*) 'You should not insult this woman by giving her a little verdict of five or six hundred dollars. I say that if you give a verdict of five or six hundred dollars it would be an insult to this plaintiff.' (*h*) 'Plaintiff's counsel read to the jury part of a decision of the Supreme Court on which he put his own construction.' " The strongest ground for new trial is the alleged misconduct of plaintiff's counsel in the closing address to the jury. He made statements therein not warranted by the evidence, which was highly improper, yet, inasmuch as it was stopped upon attention of the court being called to it, I do not think the jury were influenced by it to the prejudice of defendant's cause. The rule for new trial is discharged, the motion for judgment non obstante is refused and the prothonotary is directed to enter judgment upon the verdict. Exception noted for defendant;" (5) error in the general charge in not pointing out to the jury the character of a defect of which notice will be imputed.

*W. C. Pentz*, for appellant.—As to the borough's measure of duty in supervision of the sidewalk, see Lohr v. Philipsburg, 156 Pa. 246.

As to the character of the defective condition necessary to impute notice to the borough, see Burns v. Bradford, 137 Pa. 361; Rapho v. Moors, 68 Pa. 404.

As to the improper remarks of counsel, see Bullard v. R. R., 5 Atl. 838; People v. Dane, 26 N. W. Rep. 781; Campbell v. Maher, Ind. 4 N. E. Rep. 911; Porter v. Throp, 11 N. W. Rep. (Mich.) 174.

As to the neglect of the court to point out the character of a defect of which notice will be imputed, see Duncan v. Phila., 173 Pa. 550.

*A. L. Cole*, with him *D. S. Herron*, for appellee.

OPINION BY SMITH, J., March 17, 1897 :

The plaintiff recovered a verdict for damages because of personal injuries alleged to have been received by falling through a plank sidewalk in the borough of Dubois.

The case presented questions of fact as to the condition of the footwalk, and the conduct of the plaintiff and of the officers of the borough. Was the walk safe, or was it out of repair and dangerous? Had the borough authorities actual or constructive notice of its alleged defects, and were they negligent in failing to keep it in proper repair? Was the plaintiff injured because of the negligence of the borough officers having charge of the walk, and without fault on her part? If so, to what extent, and what was reasonable compensation therefor? There was sufficient evidence in relation to these questions to warrant the submission of the case to the jury, and this was done with proper instructions for their guidance.

The evidence complained of and made the basis of the first assignment of error was properly admitted, accompanied as it was by testimony that there had been no change in the condition of the footwalk where the plaintiff was injured between the time of the accident and the time at which it was repaired by the witness: Lohr v. Philipsburg Borough, 165 Pa. 109; Davidson v. Sanders, 1 Pa. Superior Ct. 432.

The defendant's second point, the refusal of which forms the second assignment, asked the court to declare the evidence insufficient to charge the borough with constructive notice of the dangerous condition of the walk. There was evidence that the planks were rotten and had been patched in places, and that this had been observed by various persons, for periods ranging from six weeks to one year preceding the accident. With such testimony in the case, it would have been error to withdraw the question of notice from the jury. The facts of this case differ materially from those in Lohr v. Borough, supra. In that case there was no obvious defect in the sidewalk, and from the plaintiff's evidence it was clear that none could be observed in the exercise of a reasonable supervision by the borough officers. The defect shown was one which was discovered only after a special examination, and the witness who

made this testified that it could not be otherwise seen.    In the present case there was testimony to the effect that the walk was elevated some two feet from the ground, and that its defective condition was obvious to those passing over it, without special examination.    Under this evidence, it was for the jury to determine whether the sidewalk should not have received closer attention as its decay progressed.    What was observable to the casual pedestrian should also be observable to those who were required by law to give it attention, and we cannot say that the jury erred in holding the borough to a measure of duty commensurate with the existing conditions.

The allegation that the court failed to point out to the jury the character of the defect of which notice will be imputed to borough officers, as complained of in the fifth assignment of error, is not borne out by the facts.    The court told the jury that: " The question is not merely whether the sidewalk was defective but whether the defects in it were noticeable to all passers by, because if the defect was latent or hidden and not observable by those who used the sidewalk, the borough cannot be held liable for it," and the learned judge repeated the instruction that " the defect must be so notorious as to be evident to all passers," and quoted from opinions of the Supreme Court to the same effect.

While there is nothing on the record which would justify us in ruling upon and giving effect to the fourth assignment, the matters there objected to deserve to be noticed.    References by counsel to the physical infirmities or personal peculiarities of witnesses, having no connection with the matters involved in the issue, are in exceedingly bad taste and grossly violate professional ethics.    These, however, are matters which are to be regulated mainly in the forum of honor by an observance of the proprieties.    But the statement to the jury that if they should find that the " walk was good, we will have this testimony engrossed and put your names to it and hang it up in the court house and call the attention of every person to it," has the aspect of a threat, and for that reason should not be tolerated. In his opinion discharging the rule for a new trial the learned judge, in referring to the closing address of the plaintiff's counsel, said : " He made statements not warranted by the evidence, which was highly improper, yet inasmuch as it was stopped

upon attention of the court being called to it, I do not think the jury were influenced by it to the prejudice of the defendant's cause." But whether the jury were influenced by the objectionable language or not, it was impossible for the learned judge to know, and as they were not told that the threat which it contained was not to be carried into effect, it is quite possible that it may have secretly influenced them. For this reason, and as a deserved rebuke to counsel employing such tactics, the court should have granted a new trial.

Jurors should be absolutely free to discharge their duties undeterred by fear of personal consequences of any description, and it is the duty of courts under all circumstances not only to protect them from every form of intimidation but to promptly punish any attempt at intimidation, or any other improper influence.

The specifications of error are all overruled and the judgment is affirmed.