# Toole v. Delaware, Lackawanna & Western Railroad, Appellant.

*Waters—Diversion of waters—Railroads—Boroughs.*

In an action against a railroad company to recover damages for injuries to land caused by water, the case is for the jury where the evidence for the plaintiff, although disputed, tends to show that the defendant collected large bodies of rain water on a hillside above its tracks by means of chutes, that the water was discharged into a ditch alongside the railroad, from which it flowed into an iron pipe under the railroad, out upon a public highway, and thence spread over and injured plaintiff's property.

In such a case if the court charges specifically that the defendant cannot be held liable unless it cast upon plaintiff's land more water than would

have naturally flowed there, it cannot be convicted of error in not referring to a contention that the loss was caused by an extraordinary flood, the record not showing that any request had been made for instructions on that subject.

Where a railroad company and a borough have each contributed to an injury to land from the flow of water thereon, the tort of the one is no defense to an action against the other.

The fact that the owner of land upon which water is directly thrown consents thereto, does not constitute a defense, if the water necessarily finds its way to the property of another and causes injury thereto.

Argued Jan. 11, 1905. Appeal, No. 31, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., May T., 1902, No. 294, on verdict for plaintiff in case of Ellen Toole v. The Delaware, Lackawanna & Western Railroad Company. Before. RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for injuries to land. Before LYNCH, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $387.50. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*A. H. McClintock,* with him *H. W. Palmer* and *Arthur Hillman,* for appellant.—Defendant was not liable: Pittsburg, etc., Ry. Co. v. Gilleland, 56 Pa. 445; Waffle v. New York Central R. R. Co., 58 Barbour (N. Y.), 413; Goodale v. Tuttle, 29 N. Y. 459; Meixell v. Morgan, 149 Pa. 415; Cassidy v. R. R. Co., 141 Mass. 174 (5 N. E. Repr. 142); Sheehan v. Flynn, 59 Minn. 436 (61 N. W. Repr. 462); Greeley v. Maine Central R. R. Co., 53 Me. 200; Chicago, etc., R. R. Co. v. Shaw, 63 Neb. 380 (88 N. W. Repr. 508); Bunderson v. R. R. Co., 43 Neb. 545 (61 N. W. Repr. 721); Clauson v. Ry. Co., 106 Wis. 308 (82 N. W. Repr. 146); Sentner v. Tees, 132 Pa. 216; Bentz v. Armstrong, 8 W. & S. 40.

*James L. Lenahan,* for appellee, cited: Bentz v. Armstrong, 8 W. & S. 40; Helbling v. Allegheny Cemetery Co., 201 Pa. 171; McKenna v. Gas Co., 198 Pa. 31; Torrey v.

Scranton City, 133 Pa. 173 ; Bohan v. Avoca Boro., 154 Pa. 404 ; Miller v. Laubach, 47 Pa. 154 ; Rhoads v. Davidheiser, 133 Pa. 226 ; Weir v. Plymouth Boro., 148 Pa. 566.

OPINION BY MORRISON, J., March 14, 1905 :

The learned counsel for appellant in the first sentence of his printed argument, says : " The appeal in the case at bar lies practically on the court's declining to charge that under all the evidence the verdict should be for the defendant."

The theory of the plaintiff is that the defendant, by the construction of ditches and chutes, collected the water from the hillside, from points both east and west of a point nearly opposite the premises of the plaintiff, and then by a sixteen-inch pipe placed under the tracks of the defendant's road, discharged this water upon the highway which lay between the railroad and the plaintiff's property and that this water then flowed across the highway and down upon the plaintiff's premises. The plaintiff alleges that the water was collected and carried down along a ditch upon the upper side of the railroad from a point 1,500 or 1,800 feet east of the location of the pipe. That this sixteen-inch pipe was made to discharge the water that flows down two sluiceways and the water carried in the ditch westward for a distance of more than 1,500 feet. The testimony is not very clear how much of this water would have come naturally to the point opposite the plaintiff's property and have flowed across towards said property in the absence of the ditches and chutes complained of.

The plaintiff's contention is that much of this water would have crossed over the highway and thence into the river without damaging her, if the defendant's constructions complained of had not been made.

A careful examination of the testimony convinces us that the question of whether or not the defendant was responsible for gathering the water from the sidehill for a long distance and conducting it to the pipe and allowing it to flow through the same, under its track, and thence upon the plaintiff's property, in larger quantities than it would have flowed naturally, was in dispute and, therefore, it had to be submitted to the jury.

It is true the theory of the defendant denied the contention

of the plaintiff and urged that the water would naturally gather at this point and flow across the highway and upon the plaintiff's property, in the absence of any of the ditches or chutes referred to. If the jury had found this as a fact, it would have been a complete answer to the plaintiff's case. But considering the evidence, the charge of the court and the verdict, it is evident the jury adopted the plaintiff's theory.

We now refer to the charge of the learned court to ascertain if the vital questions were properly submitted to the jury. The court said : " The claim of plaintiff is that defendant collected artificially large bodies of rain water on the hillside above its railroad by means of chutes which discharged it into a ditch alongside of the railroad, from which it flowed into an iron pipe about sixteen inches in diameter, under the railroad, out upon the public highway and thence spread over and injured the plaintiff's property. If the defendant, in thus collecting water, did not increase its volume, did not discharge an additional volume of water upon the public road and thence upon plaintiff's property, it would not be responsible for damage. But if it did, to any material extent, and the plaintiff's property was in such way injured, defendant must pay compensation for the injury so done."

We think the charge upon this point was correct and this was practically the whole case. There is some contention now that the evidence showed that the damage was caused by an extraordinary flood and that the result would have been the same if the defendant had constructed no ditches and chutes and had not placed the pipe referred to under its track. But we do not find that the court was requested to give special instruction to the jury on this question. If the defendant desired fuller or special instruction on this branch of the case, the court's attention should have been called thereto by a written point. In the absence of such request, we think the court fairly submitted the case to the jury.

The learned counsel for the defendant says the leading case in Pennsylvania upon the question involved is Meixell v. Morgan, 149 Pa. 415, but we do not see how that case helps the defendant. In it the court below held : " The defendant had a right to lay an artificial drain on his land to carry off the ordinary rainfall and discharge the water at one point, if the

jury find that point was the natural watershed of both tracts of land, and further find that there was an open ditch on the plaintiff's land into which the water of the defendant's land naturally descended, and further find that the water from the drains did not materially increase the flow of water upon the defendant's land and work injury to him . . . . And the defendant collected the water on his own land by under drains, and discharged it on the plaintiff's land in greater volume than it would naturally flow there, and thereby injured the plaintiff, then we affirm the point and the plaintiff can recover." The Supreme Court approved this instruction and we think it sustains the position taken by the learned court in the present case. In Davidson v. Sanders, 1 Pa. Superior Ct. 432, we held in substance: "Even in agricultural lands an owner cannot negligently change his grade so as to throw an increased burden of surface water upon an adjoining owner, and the question of negligence, either in the conception or construction of any such plan of surface drainage, is properly one for the jury." See cases cited in this opinion.

In Helbling v. Cemetery Co., 201 Pa. 171, the Supreme Court held (p. 174) : "Where an injury is occasioned by flood or storm, the concurrence of negligence with the act of God in producing the injury is necessary to fix liability. If the act is so overwhelming as of its own force to produce the injury independently of the negligence shown, the defendant cannot be held responsible."

It is true the charge of the court below, in the present case, did not specifically refer to the rule where the injury is caused by an unusual storm, i. e., the act of God. But no request for special instruction, on this point, was made and the charge to the effect that the defendant would not be liable unless it collected and discharged upon the plaintiff's land a quantity of water that would not naturally have flowed there, and this caused material damage, required the jury to find that the injury resulted from the act of the defendant and not from the act of God. Failing to so find, the charge practically directed a verdict for the defendant.

The defendant contends that it is not liable, because the borough failed to keep open a drain which it had placed in the highway to conduct the water from this pipe across the same

to the river. But does the negligence of the borough relieve the defendant, if it was also negligent? This question is answered in McKenna v. Citizens' Natural Gas Co., 198 Pa. 31. On page 40 of that case the court said: "Where two parties are each guilty of negligence contributing to an injury, the tort of the one is no defense to an action against the other."

In Torrey v. City of Scranton, 133 Pa. 173, it is held: "But I do not understand that it has ever been held that a municipal corporation may throw a body of water upon the property of one of its citizens which would not naturally have flowed there" (p. 180).

In Miller v. Laubach, 47 Pa. 154, the Supreme Court said that the court below was correct in saying to the jury: "If the jury find from the evidence that the defendant did so collect the water from his own land, and turn it in a body on the lands of the plaintiff, through an artificial channel made by the defendant, and this was to the injury and damage of the plaintiff, he is entitled to recover such damages as you believe from the evidence he has sustained."

In Weir v. Plymouth Borough, 148 Pa. 566, it is held: "That the owner of the land upon which the water is directly thrown consents thereto, does not constitute a defense, if the water necessarily finds its way to property of plaintiff and causes an injury thereto."

We have examined the argument of the counsel for the defendant and the cases therein cited with some care, but we are not convinced that the court below committed any such error as calls for a reversal. Many of the cases relied on by the defendant are from sister states, but we think the questions raised in the present case are plainly ruled by Pennsylvania cases.

There is no complaint as to the amount of the verdict and we therefore assume that it is just. There certainly was sufficient evidence to carry the case to the jury and the learned court having approved the verdict, by entering judgment thereon, it cannot be disturbed by this court, except for error appearing in the record, and we have not been able to discover any such error raised by any of the assignments.

The assignments of error are all dismissed and the judgment is affirmed.