## Meachem *v.* Coraopolis Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk—Constructive notice.*

In an action by a woman against a borough to recover damages for personal injuries sustained by a fall on a defective board walk, the question of the constructive notice to the borough of the condition of the sidewalk is for the jury where the plaintiff testifies that the board walk was old and in bad condition for three years before the accident, and a neighbor testified that the walk was broken and rotten, and had been so for a year before the accident.

Argued May 10, 1906.   Appeal, No. 132, April T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1905, No. 751, on verdict for plaintiff in case of Sarah Meachem v. Coraopolis Borough.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*James L. Adams*, for appellant, cited: Lohr v. Phillipsburg Borough, 165 Pa. 109.

*W. T. Tredway*, for appellee, cited: Nanticoke Boro. v. Warne, 106 Pa. 373; Markle v. Berwick Boro., 142 Pa. 84.

OPINION BY BEAVER, J., May 23, 1906:

The appellant thus states the first question involved in this case: " Was there sufficient evidence of constructive notice to the borough defendant of the defective sidewalk to submit to the jury?" If this be answered in the affirmative, it follows that the request for binding instructions was properly refused.

An examination of the testimony leaves no doubt of the fact that, the testimony being believed, the defendant had at least constructive, if not actual, notice of the defective character of the sidewalk upon which the plaintiff was injured. The testimony of the plaintiff in her examination in chief, emphasized in the cross-examination, was that the boardwalk was old and in bad condition from the time she came to live in the neighborhood—three years before the accident. A neighbor, Mrs. Curtis, testified that the walk was broken and rotten and had been so a year before the accident.

It may be well to remark that the question of contributory negligence is not raised.

If the jury believed the testimony of plaintiff's witnesses, they were justified in finding that defendant had constructive notice of the defect in the sidewalk and, under such evidence, as was said in McClosky v. Dubois Boro., 4 Pa. Superior Ct. 181, "it would have been error to withdraw the question of notice from the jury." The facts in that case, as in this, clearly distinguish both from Lohr v. Boro. of Philipsburg, 165 Pa. 109.

The assignments of error are all overruled. Judgment affirmed.