Felts et ux. *v.* Boro. of Duryea, Appellant.

60

Argued October 5, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*W. L. Pace*, and with him *F. J. Flannery*, for appellant, cited: Lohr v. Borough, 165 Pa. 112; Emery v. Pittsburgh, 275 Pa. 551; Green v. Philadelphia, 63 Pa. Superior Ct. 121.

*Thomas Byron Miller*, and with him *Clarence J.*

*Wing,* for appellees, cited: Elias v. Lancaster City, 203 Pa. 638; Lawrence et ux. v. Scranton City, 284 Pa. 215; Toglatti v. Carrick Borough, 61 Pa. Superior Ct. 244.

OPINION BY CUNNINGHAM, J., January 28, 1932:

Plaintiffs, husband and wife, have verdicts and judgments against defendant borough as damages for personal injuries suffered by the wife when she fell from a flagstone crossing over a gutter on the north side of Marcy Street at its intersection with the west side of Foote Avenue, and the municipality has appealed. Marcy Street runs east and west and intersects Foote Avenue, a north and south thoroughfare, at its western side but does not cross it. Neither the cartways nor the sidewalks of these streets were paved. The flagstone, thirty-two inches long and fourteen wide, was laid over a ditch, twelve inches deep, and connected the cartway of Marcy Street with the sidewalk at the northwest corner of the streets; it was placed there by appellant during the summer of 1927.

About nine o'clock on the evening of March 15, 1928, the wife plaintiff walked north on the west side of Foote Avenue carrying a five-year-old child; after crossing the cartway of Marcy Street, she stepped upon the flagstone; it tilted and she fell to her left into the gutter, receiving serious injuries. Mrs. Felts lived on the east side of Foote Avenue, north of Marcy, and had been visiting her mother who resided on the west side, south of Marcy. Her statement was that she habitually used the eastern crossing over Marcy Street in going to and returning from her mother's home and had not used this flagstone crossing since the summer of 1927. The weather was dry and clear and the crossing well lighted.

Her account of the accident follows: "Well, I come up the street, come to Marcy Street and crossed over

Marcy Street, and when I came to the stone, just put my foot on the stone ready to take the next step, and as I did the stone tipped and throwed me in the ditch. Q. Well now, how near the stone were you when you first saw it? Did you see the stone there? A. Yes, I saw the stone, was looking right on the road. ...... Q. You say you were in the middle of the road when you first observed this stone, and as you approached this stone, and you were coming towards this light, did you still observe the stone? A. Yes sir, I was looking right down on the ground. Q. And then could you see anything the matter with this stone? A. No, it looked all right. Q. And when this stone first tilted, where were you with reference to the stone? A. Why, I was in the ditch.''

There was evidence that the flagstone had been in an unstable or ''wobbly'' condition for more than two months. The contention of the borough was that the defect in the crossing was not observable until one stepped upon the stone—that there was nothing in its appearance to indicate it was unsafe. This contention, supported as it was by the evidence, had an important bearing, not only upon the question of notice to the municipality but also upon the matter of the alleged contributory negligence of the wife plaintiff.

The first and second assignments charge error in refusing appellant's point for binding instructions and denying its motion for judgment n. o. v., and the other fourteen are based upon alleged errors in the admission and rejection of evidence, the affirmance of plaintiff's points, and errors in the charge, particularly in instructing that there was no evidence from which the jury could properly find Mrs. Felts had been guilty of contributory negligence. The case turned largely upon the question of notice to appellant of the unsafe condition of the crossing. Upon this subject there was the testimony of the constable of the ward that when he stepped on the flagstone on

January 25, 1928, nearly three months prior to the accident, it tipped and he was compelled to jump into the ditch to save himself from falling, and that he then placed a cobble stone under the corner as a temporary expedient. This witness further testified that on February 6, 1928, he attended a meeting of council and reported to the full council, inter alia, that there was a "bad cross walk on Marcy Street," whereupon the matter was referred to the street committee. There were but two crossings over that street in the ward concerning which he reported. Three days before the accident he again tested the flagstone and found the crossing had not been repaired. This testimony took the present case out of the line of cases in which recoveries were sought upon the ground of constructive notice of a latent defect; under it the trial judge was justified in refusing appellant's point for binding instructions. The jury was properly instructed that no inference of negligence arose from the happening of the accident, that the municipality was not an insurer of its highways or obliged to seek defects therein (Lohr v. Philipsburg Borough, 165 Pa. 109; and Emery v. Pittsburgh, 275 Pa. 551) but was obliged to maintain them in a reasonably safe condition and to exercise reasonable vigilance.

Appellant's point reading "a borough is not liable for defects in sidewalks until it has either actual or constructive notice thereof, and an opportunity to repair, and constructive notice only arises where the defect is such as to be generally observable by pedestrians" was affirmed with the additional statement that "opportunity to repair" meant a reasonable opportunity.

There is no justification for the criticism by appellant's counsel (eleventh assignment) to the effect that the trial judge should have distinguished for the jury the difference between the duty of the municipality

with respect to the maintenance of sidewalks and its obligation relative to its streets by pointing out that the primary duty of maintaining sidewalks is upon the property owner and the borough's responsibility therefor only secondary. The crossing here was wholly within the street and it was not necessary to make any reference to the duty of property owners.

On the matter of the alleged contributory negligence of Mrs. Felts, there was evidence that she had a congenital physical impairment, surgically termed "pronated feet"—a condition sometimes described as "toeing out." There was a conflict in the testimony on the question whether such persons are able to maintain their equilibrium, when walking, as perfectly as those with normal feet. Counsel for appellant contended this evidence and the undisputed fact that Mrs. Felts was carrying a child in her arms was evidence from which a jury could properly find her guilty of contributory negligence in attempting to use the crossing. The trial judge charged that there was no evidence upon which she could be convicted of contributory negligence, but directed the jury to consider this evidence as bearing upon the question whether the fall resulted from the defective condition of the crossing or was caused by her physical impairment or the burden she was carrying. The jury could not fail to understand that if they found the injuries were attributable to either of the latter causes, or to both of them in combination, there could be no recovery. There was no error in these instructions; this crossing was constructed by the borough for the use of pedestrians generally and not merely for those who were physically perfect and unburdened. Moreover, appellant was careful to prove that "no one could tell [the crossing] was unsafe by looking at it."

The misquotation in the charge of the testimony of one of appellant's witnesses should have been specific-

ally called to the attention of the trial judge at its conclusion, if counsel deemed it material; at the instance of counsel for appellant certain testimony was then referred to and the court offered to review any other testimony they might specify. Under the circumstances disclosed by the record it was not error to admit the photographs offered in behalf of appellees and exclude those presented by appellant.

We have considered all the assignments and are of opinion that none of them should be sustained.

Attention must be called to a matter of procedure. There were separate verdicts and judgments in the court below but only one appeal was taken. Under such circumstances counsel for appellant were entitled to elect the judgment to which their appeal should apply. We have treated their brief as an election to have it apply to the judgment in favor of the wife plaintiff.

The judgment in favor of Gladys Felts is affirmed and the appeal quashed in so far as the judgment in favor of William Felts is concerned.