## Rogers, Appellant, *v.* Williamsport.

*Negligence—Municipalities—Defective sidewalk—Notice.*

In an action against a city to recover damages for personal injuries caused by a fall on a defective sidewalk, a nonsuit is properly entered where it appears that the sidewalk had been repaired by the property owner eighteen days before the accident, and during that time the city had no actual or constructive notice of the defect which caused the plaintiff's injuries.

Argued March 19, 1901. Appeal, No. 85, Jan. T., 1901, by plaintiff, from order of C. P. Lycoming Co., Dec. T., 1899, No. 555, refusing to take off nonsuit, in case of Robert Rogers *v.* City of Williamsport. Before McCOLLUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries. Before REED, P. J., specially presiding.

The court entered a compulsory nonsuit which it subsequently refused to take off, REED, P. J., filing the following opinion:

This suit was brought to recover damages for an injury received by a fall on a sidewalk in the defendant city, which fall the plaintiff alleges was due to the neglect of the defendant to exercise a proper supervision over said sidewalk. At the conclusion of the plaintiff's testimony a nonsuit was granted because the evidence failed to fix the defendant with responsibility for the accident, and, moreover, because it disclosed negligence on the part of the plaintiff.

The sidewalk on which the plaintiff fell is in an outlying district of the city, and at the place of the accident there is a

break in its continuity.  Mr. Voeneida, two or three years before the accident, had laid a flagstone walk in front of his property, and at that time raised the level of his pavement, variously estimated by the plaintiff's witnesses from three to six inches, above the level of the sidewalk in front of the Hayes property, which adjoined the Voeneida property on the south.  This offset of six inches or less, in the pavement, was modified and lessened by nailing a plank crosswise on top of the Hayes plank walk, up against the end of the Voeneida pavement, making, as the plaintiff expressed it, " a kind of double offset."  The plaintiff lived in this locality, and was perfectly familiar with this construction.  He had passed over it in daylight, going south, a few hours before the accident.  At that time he did not observe any change in its condition.  On his return home, after dark, his foot caught under the flagstone walk and threw him down, resulting in the injury complained of.  After the accident he discovered that the plank spoken of had been removed, and that this was the occasion of his foot going under the flagstone and of his being thrown down as stated.

From the testimony it clearly appears that the accident which befell the plaintiff was due to the removal of the plank which had been nailed crosswise on top of the Hayes walk where it joined the Voeneida flagstone walk, and by means of which the feet of pedestrians were prevented from going under the flagstone walk, which was the occasion of the plaintiff being thrown down and injured.  It may well be doubted whether the original construction was of such character as to require the submission to a jury of the question of whether it was a negligent construction or not: Rotsell v. Borough of Warren, 10 Pa. Superoir Ct. 283.  But if it be conceded that it would be a question for a jury in the case of one injured thereby, non constat that the accident in this case was occasioned by it.  It is not alleged that the defendant had actual notice of the displacement of the plank which caused the accident, and there is no evidence from which constructive notice can be inferred.  Hence negligence in this respect cannot be attributed to the defendant, and this is the only actionable negligence shown.

It was suggested on the argument that the remarks and rulings of the court, during the progress of the trial, tended to mislead counsel regarding what was to be considered as con-

stituting the defendant's negligence in this case. We regret any misapprehension on the part of counsel, whether justified by our rulings or not, but it is not apparent that a more favorable presentation of the case could be made than has been made. The case was well and ably tried, and counsel for plaintiff have no ground for assuming any neglect or omission on their part to fully develop the facts. They indulge the hope, however, that if a nonsuit were taken off they might be able to show, on another trial, the displacement of the plank in question for such a length of time before the accident as to affect the defendant with constructive notice of it. But the testimony introduced all points the other way. The witness, Charles Best, called by the plaintiff, testifies that he served a notice upon the property owner regarding this plank walk, and that it was repaired, pursuant to this notice, September 12, 1899. There is nothing to show that after this date, or between September 12 and the date of the accident, September 28, 1899, that the plank nailed on top and across the end of the plank walk where it connected with the flagstone walk had been displaced or removed, and the plaintiff, who passed over the walk a number of times between these dates, the last time only a few hours before the accident, did not observe that it was not in place; that discovery was not made by him until after the accident, and it must be borne in mind that he attributes the accident to the absence of this plank from its wonted place. Several witnesses testify that they stumbled or fell over this offset, but no one testifies to having met with an accident of any kind there between the date the sidewalk was repaired and the date of the accident. If the testimony of some of these witnesses would warrant the inference that the plank in question was occasionally out of place prior to the date the walk was repaired, certainly it would not warrant the inference that it was out of place after the walk had been repaired, and the further inference that it had been continuously out of place a sufficient length of time before the accident to affect the defendant with constructive notice of it. Upon a careful consideration of the testimony we fail to discover any evidence that would entitle the plaintiff to go to a jury on the question of the defendant's responsibility for the accident which occasioned his injuries.

It is also earnestly contended that the plaintiff was guilty

of contributory negligence, and we rather emphasized this view of the case in granting the nonsuit. But since listening to the very able and learned argument of the plaintiff's counsel on this branch of the case, we are now inclined to the opinion that the evidence would require the submission of this question to a jury. But whether it would or not, the plaintiff's action must fall for want of evidence fixing the defendant with negligence.

And now, February 15, 1901, rule discharged and motion to take off nonsuit refused.

*Error assigned* was refusal to take off nonsuit.

*W. H. Spencer*, with him *Clarence L. Peaslee*, for appellants.

*John J. Reardon* and *T. M. B. Hicks*, for appellee, were not heard.

PER CURIAM, May 27, 1901:

This suit was brought to recover damages for injuries received by a fall upon a sidewalk in the city of Williamsport. On the trial of the case and at the close of the evidence on which the plaintiff relied for a recovery of damages for injuries received by his fall, the defendant's counsel moved for a compulsory nonsuit which was allowed by the court. It clearly appears in the opinion of the court refusing to take off the nonsuit that the city was not in any sense responsible for the plaintiff's fall. It was plainly stated in said opinion that it was not alleged that the defendant had actual notice of the displacement of the plank which caused the accident, and that there was no evidence from which constructive notice could be inferred. The result was an affirmance of the nonsuit and an appeal by the plaintiff to this court.

A careful reading of the testimony in the case shows that the conclusion of the court was completely warranted by it. The uncontradicted evidence was that the city, through its officials, notified the property owner to repair the sidewalk; that the notice was served upon him in July or August, and the sidewalk was repaired on the 12th of September, or eighteen days prior to the plaintiff's fall. There was no actual or con-

structive notice of non-repair during that period.    No negligence was properly imputed to the city, and there was some evidence tending to establish contributory negligence on the part of the.plaintiff.

Judgment affirmed.