# Mary Duncan *v.* City of Philadelphia, Appellant.

*Negligence—Municipality—Defect in sidewalk.*

It is the duty of a municipality to exercise a reasonable supervision over its sidewalks; but as the first duty in relation to them rests upon the property owner, and as that of the municipality is only secondary, it is not liable for defects, without either actual or implied notice of their existence. A municipality is not obliged to seek for defects, but it must be vigilant to observe them when they become observable to an officer exercising a reasonable supervision.

In an action against a municipality to recover damages for personal injuries suffered by plaintiff's falling into a coal hole in a sidewalk, the evidence tended to show that the underside of the iron grate which covered the coal hole had become so worn at the edge where it rested on a stone ledge, that it slipped out of place when the plaintiff stepped on it. The ledge had also become worn, thereby increasing the danger of the displacement of the grate. These defects were not apparent, and could not have been seen by any one on the pavement. The grate projected half an inch

above the surface of the pavement, and had on two or three occasions been displaced by passers-by who struck it with their feet, but no one had been injured. The defendant requested the court to charge that in the absence of actual or implied notice of the condition of the hole, the city was not bound to examine it in order to ascertain its condition, and that notice of its defective condition could not be implied if the defect could not be seen without removing the cover and making an examination, and that in the absence of notice the city was not bound to do this. *Held*, that such instruction should have been given.

Argued Jan. 8, 1896. Appeal, No. 309, Jan. T., 1895, by defendant, from judgment of C. P. No. 2, Philadelphia County, March T., 1893, No.  , on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries.

At the trial it appeared that on January 8, 1891, plaintiff fell into a coal hole in the front sidewalk of the premises No. 509 Spruce street in the city of Philadelphia, and sustained serious injuries.

The condition of the sidewalk is described in the opinion of the Supreme Court.

Defendant's points were among others as follows :

3. If the jury find that the cause of the accident was the tenant's neglect to properly secure the cover of the coal hole, then the tenant was primarily guilty of neglect, and the jury must find for the city in this case, unless the testimony shows them that some notice was given to the city of a continuing or habitual neglect on the part of the tenant to keep the cover secured. *Answer :* Refused. [8]

4. If you find that the city did not have notice, actual or implied, of the defective condition of the coal hole, it was not bound to examine it in order to ascertain what its condition was, and you cannot find that the city did have implied notice if its condition could not have been seen except by making a physical examination—by removing the cover and looking for defects,—this, in the absence of notice, the city was not required to do. *Answer :* I cannot affirm that point absolutely. I would rather leave it to you as a question to determine from the testimony as you find it, how far the city of Philadelphia's attention

was called or should have been called to the condition of that grating. [3]

5. The city was not bound to seek for defects. If any existed, unless it had actual notice, it was only required to observe those which could be seen by inspectors passing along the pavement in an ordinarily careful manner, and if you find that the defect in the coal hole was hidden and such as not to attract the attention of persons passing along the sidewalk in an ordinarily careful manner, the city is not liable for the injury sustained by plaintiff, and your verdict should be for the defendant. *Answer:* Refused. [4]

The court charged in part as follows :

[The next question for you to determine is, whether or not the city of Philadelphia was negligent. That is not proved by the plaintiff simply proving that she stepped on this grating and the grating tilted and she went down. That does not of itself make out a case of negligence against the city of Philadelphia. If the action were against the occupant of the premises, or perhaps against the owner, that might, of itself be sufficient evidence of negligence, but that is not true with regard to the city of Philadelphia. The city of Philadelphia is bound to provide highways ordinarily safe, and the pavement is as necessary to the highway as the cartway. In other words, the city of Philadelphia is bound to furnish ordinarily safe streets. When the street is ordinarily safe, in order to hold the city of Philadelphia liable for any defects which subsequently occur, the city must have either actual notice of the defect, or else the defect must have been of such a character and of sufficiently long standing as the city must be presumed to have had notice.] [5]

[You understand in a case against the city you must go one step further than you would with regard to a case against the occupant of the premises. You must find that the city had notice of the defective condition, or that it lasted so long that the city would be presumed to have had notice, because the city is bound to take ordinary care with regard to its highways.] [6]

[As I said before, the mere fact of the existence of the defect is not evidence of negligence of itself in a case against the city, but the plaintiff must go one step further and must prove either notice of the defect, or that the defect had existed so long that the city would know it, or should know it.] [7]

Verdict for plaintiff for $6,000. Judgment was entered for $4,500, a remittitur having been filed for the amount of the verdict in excess of that sum. Defendant appealed.

*Errors assigned* among others were (3–8) above instructions, quoting them.

*John L. Kinsey,* city solicitor, *J. W. Catharine,* assistant city solicitor, with him, for appellant.—If there was nothing about the coal hole to call attention to its defective condition, the city cannot be charged with notice: Smith v. Philadelphia, 23 W. N. C. 242; Fritsch v. Allegheny, 91 Pa. 226; McCarthy v. Syracuse, 46 N. Y. 194; Vanderslice v. Philadelphia, 103 Pa. 102; Burns v. Bradford, 137 Pa. 361; Lohr v. Philipsburg, 156 Pa. 246; Lohr v. Philipsburg, 165 Pa. 109: Township v. Wolf, 106 Pa. 608; West Chester v. Apple, 35 Pa. 284; Eisenbrey v. Phila., 24 W. N. C. 231; Sherman and Redfield on Negligence, 3d ed. sec. 148; McLaughlin v. Corry, 77 Pa. 113; Cook v. Anamosa, 66 Iowa, 427.

If the city is bound to provide highways ordinarily safe, it follows as a necessary sequence that she must insure their being in that condition; in other words it would make the city an insurer against accidents upon its highways. It is respectfully submitted that this is not the law: Dillon on Mun. Corp. sec. 1024, 1025, 4th ed.; Rapho & West Hempfield Township v. Moore, 68 Pa. 404; Otto Township v. Wolf, 106 Pa. 608; Burns v. Bradford, 137 Pa. 361; Borough of Easton v. Neff, 102 Pa. 478.

Where a point is presented in writing it is the duty of the court to answer it if there be any evidence bearing upon the question; if such point be not fully answered, the opposite party if prejudiced thereby may assign error in the omission: Penna. Co. v. Toomey, 91 Pa. 256.

A tendency to mislead the jury, in the general tenor of the charge, though no particular portion of it be erroneous, is ground for reversal: Life Ins. Co. v. Rosenberger, 3 W. N. C. 16; Stall v. Meek, 70 Pa. 181; Penna. R. R. v. Zebe, 33 Pa. 318; Garrett v. Gonter, 42 Pa. 143; Relf v. Rapp, 3 W. & S. 21; Herstine v. R. R., 151 Pa. 244; Peirson v. Duncan, 162 Pa. 187; Canal Co. v. Harris, 101 Pa. 93.

*A. S. L. Shields*, for appellee.—The city had implied notice of the defect: Hanscom v. Boston, 141 Mass. 242; McGaffigan v. Boston, 149 Mass. 289; Donaldson v. Boston, 16 Gray, 508; Post v. Boston, 141 Mass. 189; Blake v. Lowell, 143 Mass. 296.

OPINION BY Mr. JUSTICE FELL, February 17, 1896:

The under side of the iron grate which covered the coal hole into which the plaintiff fell had become so worn at the edge where it rested on a stone ledge that it slipped out of place when she stepped on it. The ledge had also become worn, increasing the danger of the displacement of the grate. These defects were not apparent, and could not have been seen by any one on the pavement. The grate projected half an inch above the surface of the pavement, and had occasionally been displaced by passers-by who struck it with their feet. How often this had occurred before the plaintiff's injury does not clearly appear from the testimony, but giving full effect to all the testimony in her behalf it had not occurred more than two or three times, and had not resulted in injury to any one. By the defendant's fourth point the court was asked to charge that in the absence of actual or implied notice of the condition of the hole the city was not bound to examine it in order to ascertain its condition, and that notice of its defective condition could not be implied if the defect could not be seen without removing the cover and making an examination, and that in the absence of notice the city was not bound to do this. This is the fair effect of a not clearly expressed request for instructions to the jury, and it should have been affirmed.

It is the duty of a municipality to exercise a reasonable supervision over its sidewalks; but as the first duty in relation to them rests upon the property owner, and that of the city is secondary only, it is not liable for defects without notice, actual or implied, of their existence. As was said in the recent case of Lohr v. Philipsburg, 156 Pa. 246, a municipality is not obliged to seek for defects, but to be "vigilant to observe them when they become observable to an officer exercising a reasonable supervision." The instruction on the subject in the general charge was clear and accurate as far as it went, but it did not cover the point raised or remedy the error complained of. The

learned judge told the jury that to impose liability the city must either have had actual notice of the defect, or the defect must have been of such a character or of so long standing that the city must be presumed to have had notice, but the character of a defect of which notice will be imputed was not pointed out.

The fifth point, which is the subject of the fourth assignment of error, is defective in asking for a peremptory direction for the defendant. This could not have been affirmed, as .there was testimony of actual notice. The question presented by the eighth assignment was not raised by the testimony.

The third assignment of error is sustained, and the judgment is reversed with a venire facias de novo.