## Yeager v. Berwick Borough, Appellant.

*Negligence—Boroughs—Sidewalks—Hole in pavement—Notice—Constructive notice.*

Where a hole in a sidewalk has been covered by a board in such a way that the hole is not visible, and the borough in which the sidewalk is situated has no actual notice of the hole, and the hole as covered by the board has been in such condition only twenty-four hours, the borough cannot be held to have had constructive notice of the condition of the sidewalk, so as to make it liable for personal injuries to a person who stepped on the board and was precipitated into the hole by the board turning under her.

Argued April 16, 1907.    Appeal, No. 390, Jan. T., 1906, by defendant, from judgment of C. P. Columbia Co., Feb. T., 1905, No. 12, on verdict for plaintiff in case of Wilson Yeager and Clara Yeager, his wife, v. Berwick Borough. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries.    Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for Clara Yeager for $3,225, and for Wilson Yeager for $275.    Defendant appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*Fred Ikeler*, with him *J. Gere Jayne*, for appellant.—There was nothing to charge the borough with constructive notice : Lohr v. Philipsburg Borough, 156 Pa. 246 ; New Castle v. Kurtz, 210 Pa. 183 ; Garland v. Wilkes-Barre, 212 Pa. 151.

*John G. Harman*, with him *Christian A. Small* and *James Scarlet*, for appellees.—A municipality is liable in damages to a person who falls into an unguarded areaway or opening on the sidewalk of a public street, where the areaway is so situate that the person using the sidewalk with ordinary care might by accident fall into it : Bush v. Johnston, 23 Pa. 209 ; Feather v. Reading, 155 Pa. 187 ; Miller v. Bradford, 186 Pa. 164 ; McNeal v. Ry. Co., 131 Pa. 184.

OPINION BY MR. JUSTICE BROWN, May 13, 1907 :

Samuel Heller, the owner of a property on Front street, in the borough of Berwick, obtained a permit to raise the sidewalk in front of it to the established grade.    A portion of the property was occupied by Garrison Brothers as a store, in front of which there was a cellarway covered by a cellar door flush with the pavement.    In laying the new pavement the opening to the cellar was lengthened and the old cellar door was about six inches too short to cover it.    The work of putting down the new pavement was commenced August 23,

1904, and completed in front of the store on September 3 following. During the progress of the work barriers were placed across the pavement preventing its general use by the public. Entrance to the store was for a time from the street over a board laid from the curb to the door. There was testimony that as a portion of the pavement was finished such portion was used by the public, but the whole pavement in front of the store was not so used until Saturday evening, September 3, 1904. After the cellarway was lengthened, and the new cement pavement was being laid, the old cellar door would sometimes be pushed up against the building and the opening would be at the other end; at other times it would be pushed towards the curb and the opening would be at the house line, but it does not appear from the testimony that during the progress of the work the opening at either end was ever left uncovered. On Saturday afternoon, when the workmen left and the barriers across the pavement were removed, the cellar door was pushed against the building, and the opening was at the other end, but the uncontradicted testimony is that it was then covered by a board which was seen over it about midnight. On Sunday evening, September 4, between eight and nine o'clock, as the plaintiff was walking over the pavement, her foot went down into the opening and she sustained the injuries for which compensation is sought in this action. It does not appear that she stepped into an uncovered opening, but rather that in stepping on a board over it the same turned and her foot went down. William Moore, a witness called by her, testified that he was within ten feet of her when the accident occurred; that he examined the hole and found a board over it between seven and nine inches wide, and that it was of sufficient length to cover the entire width of the cellar way.

There was no evidence that the borough had actual notice of the opening, and the jury were so instructed, but the case was submitted to them on the question of its constructive notice of the alleged defect, and they were told that if they found it had such notice it could be found guilty of negligence which caused the injuries sustained by plaintiff. If, while the new pavement was being laid, the borough had received actual notice of the condition of the cellar way, it would not have been bound to do more than was done up to the time the bar-

riers were removed and the pavement was again open to public passage. The uncontradicted testimony is that while the work was going on the opening was always covered. Nothing more could have been required for the protection of the public during the period when they were practically barred from the pavement.

What constructive notice of the condition of the pavement could the borough have had under the undisputed facts? With no opening in it exposed at any time from August 23 down to the hour of the accident, the borough was not required during the progress of the work to lift up the planks and boards which, according to the testimony, were on the pavement, to discover whether holes were under them. No such duty rests upon boroughs. Even when pavements are in the full, free and uninterrupted use of the public, it is not the duty of a borough to seek for defects in the highways, but when they exist and are observable to its officers exercising reasonable supervision, it must observe them : Lohr v. Philipsburg Borough, 156 Pa. 246. When, on Saturday afternoon, the pavement was again thrown open to the public, the alleged defect in it—the hole—was observable to no one. Not a witness testifies that it was. It is true Garrison says the cellar way was in the same condition for two days, but not that the opening was not covered ; and to no passer-by was it known that a hole was under the board. This condition continued for nearly twenty-four hours, and if, during that period, the opening was not observable to anyone of the hundreds who passed over the pavement, how can it be said that the borough might have acquired knowledge of its existence ? The doctrine of constructive notice has never reached the limit given it in this case by the court below, and it never will be so extended until boroughs are charged with the duty of insuring the public against all unseen defects in their streets.

The assignments of error are sustained. The judgment in favor of the plaintiffs is reversed and is entered here for the defendant.