### BOROUGH OF DU BOIS v. PANCOAST.

(Circuit Court of Appeals, Third Circuit. November 12, 1914.)

No. 1887.

1. MUNICIPAL CORPORATIONS (§ 817*)—TORTS—EVIDENCE OF NEGLIGENCE.

In an action against a municipal corporation to recover for an injury to plaintiff, caused by the giving way of the anchorage of a banner which had been stretched across a street by third persons, the doctrine of res ipsa loquitur cannot be invoked as against the defendant.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. § 817.*]

2. MUNICIPAL CORPORATIONS (§ 819*)—ACTION FOR INJURY TO PERSON ON STREET—SUFFICIENCY OF EVIDENCE.

When plaintiff was passing along a street in defendant borough on a day when there was an unusually strong wind, a chimney on a four-story building, to which the end of a cable, from which a political banner was hung over the street, was attached, fell, and plaintiff was injured by falling bricks. The banner was erected by third persons, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there was no evidence that defendant or its officers had any knowledge of the manner in which the cable was anchored, and it could not be seen from the street. *Held* that, in the absence of any local regulation prohibiting it, the banner was a lawful structure, and defendant was not liable because it did not make an inspection to determine the security of the fastenings.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

3. MUNICIPAL CORPORATIONS (§ 788*)—DEFECTS OR OBSTRUCTIONS IN STREETS —DUTY OF INSPECTION.

A municipality is not required to look for defects or dangers in its streets, but the measure of its duty is only to observe such as a reasonable supervision would disclose.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1641–1643, 1646, 1652; Dec. Dig. § 788.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; William H. Hunt, Judge.

Action at law by Vernon W. Pancoast against the Borough of Du Bois. Judgment for plaintiff, and defendant brings error. Reversed.

H. Fred Mercer, of Pittsburgh, Pa., for plaintiff in error.
A. L. Cole, of Clearfield, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. Federal jurisdiction over this controversy depends wholly on diverse citizenship, and the writ of error raises the question whether the plaintiff was a citizen of New York or of Pennsylvania when the suit was brought. The point was distinctly made at the trial and is raised by one of the assignments, although indeed we would be bound to take notice of it on our own motion. Neel v. Penna. Co., 157 U. S. 153, 15 Sup. Ct. 589, 39 L. Ed. 654; Newcomb v. Burbank (C. C. A. 2d Cir.) 181 Fed. 334, 104 C. C. A. 164; Taylor v. Weir (C. C. A. 3d Cir.) 171 Fed. 636, 96 C. C. A. 438. As the case must go back for other reasons, we need say no more than this: If another trial should take place, and if the evidence then should be substantially the same as the evidence now before us, the question of the plaintiff's citizenship ought to be submitted to a jury with appropriate instructions.

Turning to the merits, we may say at once that in our opinion a binding instruction should have been given in favor of the borough. The evidence tended to prove the following facts:

In October, 1912, a banner of a political party was stretched across one of the principal streets in the borough of Du Bois. One end of the supporting cable was fastened to a chimney that extended above the roof of the Commercial Hotel, a four-story brick building abutting on the street. The plaintiff's case against the borough is thus set forth in the statement of claim:

"That it was under the law [the] duty of said defendant to keep said street in a safe condition, so that persons might pass and repass thereon without danger to life or limb and without harm or hindrance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"That, notwithstanding the duty of said defendant borough, on the said 12th day of October, 1912, the said defendant permitted said street to become and be in a dangerous condition, and permitted a structure in the form of a large structural banner, composed of ropes, cloth, and painting, to be put up and erected over said street, and to be fastened to an insecure fastening in the shape of a brick chimney that stood on the wall of the Commercial Hotel, which fastening was insecure and unsafe and dangerous, and that when said plaintiff was passing along said street, and under said banner, the same fell and the bricks from said chimney were scattered upon said public street or highway, and about and upon said plaintiff," etc.—thus doing the injury complained of.

The banner—which was of considerable size, was made of rope mesh, and carried a portrait on cloth of one of the candidates for president—had been stretched across the street only a few days before October 12th. It was suspended from a wire rope or cable, and one end of the cable was fastened to the chimney in question. The chimney was an extension of the hotel wall, and was about 21 inches square and probably from 3 to 4 feet in height. The roof of the building was nearly flat, and a cornice extended beyond the chimney about 3 feet, overhanging the sidewalk to this extent. Two turns were taken about the base of the chimney, and a loop was formed by clamping the end to the body of the cable. Witnesses testified that on the day in question the weather was "very stormy," and described the wind as "pretty strong" and as "unusual." Whatever may have been the cause of the accident, the chimney broke about 6 or 8 inches above the roof, and the loop probably slipped upward off the chimney, thus letting the banner down. The plaintiff was injured, not by the banner, but by one or more of the falling bricks.

The evidence did not disclose by whose direction the banner was put up. The actual work appears to have been done by employés of the electric company. A short time before the accident the burgess and the chief of police, in passing along the street, saw the banner in place; but they could not see where or how the cable was fastened. The borough did not give permission to erect the banner, but (so far as the evidence showed) the erection of similar objects was not forbidden, either by ordinance or other regulation. No official of the borough inspected the fastening around the chimney. The cable did not break, and the loop did not pull out of the clamp.

In this condition of the evidence, we think the plaintiff was not entitled to recover. We may first observe that the erection of the banner was not in itself unlawful. The practice is common throughout the country, and we are not acquainted with any general rule of law that forbids it. Thousands of banners and flags are displayed over public highways—many from heavy projecting poles—not only in every political campaign, but also on many anniversaries and holidays, and (if it be assumed that a municipality has the power to forbid the use of the streets for this purpose) the custom is not unlawful where no such prohibition exists. But, of course, if the use of the streets by vehicles or pedestrians is rendered unsafe by the carelessness of those who put or maintain these objects in place, they will be liable as in other cases of negligence. But the primary liability is upon them, and

not upon the municipality, and they are liable, not simply because they have erected a banner or a flag, but because they have been guilty of some negligence in so doing that has resulted in the injury complained of. The liability of the municipality, where it exists at all, is secondary; or perhaps it is more accurate to say the liability rests upon a different kind of negligence, the neglect of a different duty.

[1] But, no matter upon whom a person injured seeks to fasten liability—whether upon the person erecting the banner, or upon the municipality—in either event he must prove negligence in putting up the structure, or in maintaining or in taking care of it afterwards. There is no presumption of such negligence where the suit is against the municipality, and in the case before us we may further observe that there was no evidence of negligence, either in putting up or in taking care of the banner, unless negligence should be inferred from the happening of the accident itself. The question was submitted whether the act of God, the high wind, was the efficient cause of the accident; but otherwise the charge assumed that the fall of the bricks was due to some one's negligence, and this could not have been assumed, except by a conscious or unconscious application of the doctrine of res ipsa loquitur. Now, whether that doctrine would have been applicable or inapplicable, if the suit had been against the person who was primarily liable for the erection, it was improperly applied in this action. As the borough took no part, direct or indirect, in putting the banner up, and did not have the custody of it afterwards, it is plain that liability in this suit can only be supported upon proof that the borough had actual or constructive notice of a dangerous structure over a public street, and failed to take the proper steps thereafter. If, therefore, the structure was not dangerous, the borough owed no duty, and for this reason the plaintiff was bound to offer affirmative evidence of danger. The only danger asserted was the use of the chimney as an anchorage for the cable, and we have already said that no affirmative evidence was offered that there was negligence in using the chimney for this purpose. No witness testified concerning the weight of the banner or of the cable, or concerning the strength of the chimney, or concerning its patent or latent defects, if any such existed; but the charge of the court assumes, not only that the chimney was insufficient, but that there was negligence in selecting it as an anchorage for the cable, evidently basing the assumption upon the single fact that the accident happened, in spite of the instruction that negligence was not to be presumed from the happening of the accident itself. This can only refer to the negligence of the borough, for there is a necessary assumption that the accident was due primarily to the negligence of some one else, and, as we have said, the doctrine of res ipsa loquitur could not be properly applied in this action.

[2] But, if we accept the assumption that there was negligence in anchoring the cable to the chimney, the question still remains: What was the borough's duty under the circumstances? If we sustained the argument for the plaintiff, we should be obliged to assent to the proposition that whenever a municipality has notice that a banner or a flag overhangs a public street its supports must be immediately inspected, under penalty of liability if they should be insecure and if injury to

a passer-by should result therefrom. The jury received no instruction on this subject, except the brief submission, whether—

"the borough ought reasonably to have exercised inspection and supervision with respect to that banner and the fastenings of it as they evisted at the time that Mr. Pancoast was injured."

[3] Now there was nothing whatever to call the borough's attention to any defects in the anchorage of the banner. The anchorage itself could not be seen from the street, and, unless the mere presence of the banner raised an immediate duty of inspection, there was no evidence to support the assertion that such a duty had been violated. The plaintiff's position is extreme, and we find no authority to support it. Indeed, such a burden could not be borne; if the supports of the numerous banners and flags that are lawfully displayed many times a year must be presumed to be unsafe and to require immediate examination, the task of inspection could not possibly be performed. The unreasonableness of such a rule is a legitimate argument against its existence; but there is ample authority against it to be found in the decisions on the general subject of a municipality's duty in regard to defects or dangers in its highways. An elaborate collection of cases will be found in a note to Elam v. Sterling, 20 L. R. A. (N. S.) 725. In Pennsylvania numerous cases decide that a municipality is not liable for a defect in the highway arising without its fault or negligence, unless it has express notice, or the defect be so notorious as to be evident to passers-by. A municipality is not obliged to look for defects, the measure of its duty being merely to observe such as a reasonable supervision might disclose. Lohr v. Philipsburg, 165 Pa. 109, 30 Atl. 822; Burns v. Bradford, 137 Pa. 361, 20 Atl. 997, 11 L. R. A. 726; Kost v. Ashland, 236 Pa. 164, 84 Atl. 691; Yeager v. Berwick, 218 Pa. 265, 67 Atl. 347; Dalton v. Towanda, 215 Pa. 402, 64 Atl. 547; Duncan v. Philadelphia, 173 Pa. 550, 34 Atl. 235, 51 Am. St. Rep. 780; Rapho v. Moore, 68 Pa. 404, 8 Am. Rep. 202.

Without prolonging the discussion, we are of opinion that upon the evidence contained in this record the jury ought to have been directed to find for the defendant.

The judgment is reversed, and a new venire is awarded.