## Roop, Appellant, *v.* City of Philadelphia.

*Negligence—Municipality—Icy sidewalk—Constructive notice—Evidence—Records of weather bureau—Ordinance.*

1. A verdict is properly directed for defendant in an action against a city to recover damages for personal injuries sustained by plaintiff by a fall on an icy sidewalk covered with snow, where it did not appear how long the ice had been there, nor that the city had either actual or constructive notice of the icy condition of the path.

2. The records of the weather bureau and a city ordinance providing a penalty for permitting ice to remain on paved footways, offered in evidence in this case, held not sufficient to prove constructive notice of the condition of the path.

Argued January 16, 1920. Appeal, No. 119, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1917, No. 2682, on verdict directed for defendant in the case of Mary V. Roop v. City of Philadelphia. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained by plaintiff due to a fall on the icy sidewalk. Before SHOEMAKER, J.

To show constructive notice of the condition of the path the records of the United States weather bureau at Philadelphia were given in evidence. This record showed: no snow on the ground March 13th, rain March 14th, changing to snow March 15th, and by 8 p. m. there was an average of half an inch of snow on the ground; March 16th flurries of snow with average of four-tenths of an inch on the ground at 8 p. m.; March 17th clear,

with average of two-tenths of an inch of snow on the ground at 8 p. m. Temperature March 16th and 17th, highest 29, lowest 16. The accident occurred about noon on March 18, 1916. Plaintiff also placed in evidence an ordinance of the city providing a penalty to "permit snow to remain more than six working hours after the same may cease to fall on any paved footway," etc.

The further facts appear by the opinion of the Supreme Court.

After the close of the plaintiff's testimony the court gave binding instructions to find a verdict for defendant. The court refused a new trial and entered judgment on the verdict. Plaintiff appealed.

*Error assigned* was directing a verdict for defendant.

*Bertram K. Wolfe,* with him *Hazleton Mirkil, Jr.,* for appellant, cited, as to constructive notice: Posey v. Bank, 243 Pa. 568.

*Harry T. Kingston,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, and *Harry S. Platowsky,* Assistant City Solicitor, for appellee.

PER CURIAM, February 2, 1920:

The complaint of the appellant is of the negligence of the City of Philadelphia in permitting ice to accumulate on one of its paths or sidewalks in Vernon park, at the point where she fell. The path was covered with snow, and the plaintiff testified that after she had fallen she discovered ridges of ice beneath the snow, which caused her to fall. How long the ice had been there did not appear from the testimony, and there was nothing to show that the city had either actual or constructive notice of the icy condition of the path. The verdict for the defendant having been properly directed, the judgment on it is affirmed.

Judgment affirmed.