## Lutz v. Borough of Tamaqua, Appellant.

*Negligence—Personal injuries—Defect in bridge—Case for jury.*

In an action of trespass to recover damages for personal injuries sustained in the breaking of a plank in a foot bridge, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the bridge broke under the weight of the plaintiff, and that its condition was such that the borough had constructive notice of the defects which caused the accident.

*Municipalities—Bridges—Duty to repair and maintain.*

When a bridge is part of a public highway in a city or borough the presumption is that it is the duty of the borough authorities to

maintain it, in the absence of evidence to the contrary. The burden is upon the municipality to show that the structure comes within the exceptions to the general rule. In default of such evidence, the court below cannot declare as a matter of law that the bridge was not a structure, for the maintenance of which the borough was liable.

Argued December 5, 1922. Appeal, No. 187, Oct. T., 1922, by defendant, from judgment of C. P. Schuylkill County, Sept. T., 1921, No. 449, on verdict for the plaintiffs in the case of Edward Lutz and Mary Lutz v. Borough of Tamaqua. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Edward Lutz, in the sum of $237.90 and in favor of Mary Lutz in the sum of $220, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*J. O. Ulrich,* for appellant, cited: Purcell v. Riebe, 227 Pa. 503; Reed v. Tarentum Boro., 213 Pa. 357; Lindstrom v. Penna. Co., 212 Pa. 391; Murdaugh v. Oxford Boro., 214 Pa. 384; Kost v. Ashland Boro., 236 Pa. 164, and Green v. Phila., 63 Pa. Superior Ct. 121.

*James B. Reilly,* and with him *R. P. Swank,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

This action of trespass was brought by Edward Lutz and Mary Lutz, his wife, against the defendant to recover for personal injuries sustained by the wife when a plank in the footway of a bridge broke under her weight

and her foot and leg passed through the hole thus caused. They recovered separate verdicts and distinct judgments were entered in their favor in the court below. The defendant took but one appeal, but attention of counsel having been called to the fact that the judgments were distinct, the record has been amended so that the appeal is now only from the judgment entered in the court below in favor of Mary Lutz.

There is in this case but one question involved, viz: "Did the plaintiff prove such negligence on the part of the defendant as to entitle her to recover?" The appellant contends that there was no evidence tending to establish that the borough was liable for the maintenance of the bridge. The bridge had long been in use as a portion of a public highway in the borough, called Cedar Street. As a general proposition, though not universal, bridges are treated as portions of the highway, and are to be maintained by the same persons as the highways. When a bridge is part of a public highway in a city or borough the presumption is that it is the duty of the municipal authorities to maintain it, in the absence of evidence to the contrary. The burden is upon the municipality to show that the structure comes within the exceptions to the general rule. The appellant does not complain of any ruling of the court below admitting or rejecting evidence, and no evidence was admitted which would have warranted a finding that this was a county bridge or that it had been erected and maintained by other than borough authority. The records of the council of the borough disclose that the borough authorities had for several years been endeavoring to induce the county commissioners to take over the bridge as a county bridge, but their efforts had not been crowned with success. The cartway of the bridge had been closed by the borough authorities, but the footwalks at each side had remained free and open for the use of the public. There was evidence that the borough authorities had shortly after this accident renewed the flooring of the footwalks of the

bridge.   While this evidence might not have been competent to show negligence of the borough, it was competent for the purpose of showing that the borough had control of and maintained the bridge.   The borough offered no evidence as to how the bridge had come into existence or how it had been maintained.   The court below would certainly have erred in declaring as matter of law that the bridge was not a structure for the maintenance of which the borough was liable.

The contention of the defendant that the evidence was not sufficient to warrant a finding that the borough should be visited with constructive notice of the dangerous condition of the flooring of the footwalk of the bridge is not well founded.   It was an undisputed fact that the bridge was old, practically worn out, that the borough authorities had caused the cartway of the bridge to be closed by erecting barriers at each end and to thus remain closed for a period of four years prior to the accident, but leaving the footways open for public use.   The flooring of the footways had given way in places and those defects remedied by the borough authorities causing boards to be laid over the openings.   The borough engineer had reported to the borough council that the repairs needed to the Cedar Street bridge, to even place it in a safe temporary condition, would cost from $1,500 to $4,700.   The bridge being in this condition, it became the duty of the borough authorities to exercise that vigilance in inspecting the footwalks remaining in use, which the circumstances required to guard the public against danger.   There was evidence that the plank which broke under the weight of the plaintiff and caused her injury was rotten and that its condition was clearly visible upon external inspection.   It is not the duty of a borough to seek for defects in the highways, but when they exist and are observable to its officers exercising reasonable supervision, it must observe them: Yeager v. Berwick Boro., 218 Pa. 265.   The condition in which the borough long permitted this bridge to remain imposed

upon the authorities the duty of exercising a high degree of vigilance to observe defects in the parts of the bridge which they permitted to remain open for public travel: Rapho Township v. Moore, 68 Pa. 404. The evidence was sufficient to warrant a finding that the plank which broke under plaintiff's weight was rotten and that it had been visibly in that condition for such a length of time as to constitute constructive knowledge of the defect.

The judgment is affirmed.