# Emery *v.* Pittsburgh, Appellant.

*Negligence—Municipalities—Sidewalks—Notice — Constructive notice—Defect.*

1. It is the primary duty of the property owner to construct and maintain the sidewalk in front of his premises, and the city is liable only when, to its knowledge, that duty has been so neglected as to render the walk unsafe for ordinary public use.

2. A municipality can be charged with constructive notice of a defect in a sidewalk only when it is of such character as to be generally observable by pedestrians.

3. The fact that a pedestrian is injured by the moving of a flat stone lying on the natural earth and cinders of a sidewalk, will not render the city liable, where it appears the stone had laid in such position for eight years, and there was nothing to show that it was movable, or that any one knew of the defect prior to the accident.

Argued October 10, 1922. Appeal, No. 84, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 958, on verdict for plaintiff, in case of Glenn A. Emery v. City of Pittsburgh. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was refusal of judgment n. o. v., quoting record.

*John E. Laughlin,* Assistant City Solicitor, with him *Richard W. Martin,* City Solicitor, for appellant.—The city was not negligent: Nolan v. Pittsburgh, 272 Pa. 217; Lerner v. Phila., 221 Pa. 294; Short v. Carbondale, 249 Pa. 564; Kieffer v. Boro., 151 Pa. 304.

*John J. Kennedy,* of *Griffith & Kennedy,* for appellee, cited: Davis v. Boro., 273 Pa. 501.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This suit by a pedestrian against the City of Pittsburgh is for damages resulting from an alleged defective sidewalk. La Schall Street extends northerly from Hamilton Avenue as an open public street, but not brought to its established grade nor paved. At the time in question, there was no sidewalk properly so-called on either side of the street, although on the east side next the property line was a flag stone walk some four feet wide, extending southerly to within about seventy-five feet of the avenue, and just on the street side of this walk near its south end were four or five flat stones in a row, each some eighteen inches in diameter and imbedded in the earth where they had been for many years. On December 13, 1919, Glenn A. Emery, the plaintiff, who lived near but seldom used this street, went south on the flag stone walk until near its end when he turned toward the cartway and stepped on one of the flat stones which slid or moved causing him to fall and sustain the injury complained of. There was a slight slope in the ground at this point both toward the street and the avenue. The trial court declined the city's request for binding instructions and later discharged its rule for judgment n. o. v., and, from judgment entered on the verdict for plaintiff, defendant has appealed.

We have reached the conclusion that plaintiff was not entitled to recover. It is the primary duty of the property owner to construct and maintain the sidewalk, and the city is liable only when, to its knowledge, that duty has been so neglected as to render the walk unsafe for ordinary public use. The sidewalk in question, so far as not covered by the flag stones, consisted of the natural earth, with occasionally some cinders, in which lay the flat stones, but neither the oral evidence nor the photographs indicated an unsafe condition. In such an out-

lying district, flat stones placed in earth walks to assist pedestrians, or property owners, in escaping the mud are common and not suggestive of danger. While it was not a perfect walk, there was no patent defect to warn of an unsafe condition. The flat stones had been in the same position for over eight years and there was no surface indication that they were unstable. They were not anchored, except by the soil in which they rested, but the proof fails to show they required any other anchor, or that the movement of such a flat stone so placed was a common event that should have been anticipated and guarded against; the fact that none of these stones had previously moved tends to negative such a contention. True, the stone moved under plaintiff's weight and threw him, but the mere happening of the accident does not prove negligence. It does not appear that this, or any of the other flat stones, was loose before plaintiff stepped upon it, or that there was any surface indications that it or any one of them was movable. The mere fact that a pedestrian is injured by the moving of a brick in a sidewalk is not of itself sufficient to charge the municipality with negligence (Morris v. Phila., 195 Pa. 372) and the same is true of a flat stone. It does not appear that anyone knew of this defect prior to the accident, if, in fact, it existed, much less that the city had actual notice of it, and, being latent in character, there was nothing to bring home to the city constructive notice thereof. A municipality can be charged with constructive notice of a defect in a sidewalk only when it is of such a character as to be generally observable by pedestrians, that is, such as could and naturally would be seen by people using the walk: Rosevere v. Osceola Mills Boro., 169 Pa. 555, 563; Burns v. Bradford City, 137 Pa. 361; New Castle v. Kurtz, 210 Pa. 183, 188; Lohr v. Philipsburg Borough, 156 Pa. 246. Here there was no such defect. The case of Davis v. Shenandoah Borough, 273 Pa. 501, is not parallel to this. There a brick sidewalk on the main street of the borough was and had long

been in bad condition for lack of repair and by reason of the presence therein of rocks, bricks, roots of trees, depressions, etc., and it was because of the general defects and not alone of one loose brick that the question of the borough's liability was for the jury.

It is unnecessary to consider the question of contributory negligence.

The judgment is reversed and is here entered for the defendant non obstante veredicto.