## Dress *v.* Harrisburg, Appellant.

*Negligence — Municipalities or property owners — Sidewalks — Grass plot in sidewalk—Lack of actual or constructive notice of defect—Evidence.*

1. A municipality may use or permit a property owner to use certain portions of the sidewalk of a highway for a grass plot.

2. The primary duty to construct and maintain sidewalks is upon the property owner, and the municipality is not liable for defects therein until it has notice thereof and an opportunity to repair.

3. A verdict against a city for personal injuries suffered by falling into a depression in a grass plot in a sidewalk, cannot be sustained, where there is no evidence whatever that there was such a depression before the accident, or that the city had either actual or constructive notice of such defect.

Argued May 24, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 19, May T., 1926, by defendant, from judgment of C. P. Dauphin Co., March T., 1923, No. 585,

on verdict for plaintiff, in case of A. Louise Dress v. City of Harrisburg.  Reversed.

Trespass for personal injuries.    Before WICKER-SHAM, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,850.87.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*John R. Geyer,* with him *Paul G. Smith,* for appellant.—There is no evidence in the case from which the jury could find that defendant had constructive notice of the hole or depression in the second grass plot: Emery v. Pittsburgh, 275 Pa. 551; Garland v. Wilkes-Barre, 156 Pa. 246; Roop v. Phila., 266 Pa. 353; Rogers v. Williamsport, 199 Pa. 450; New Castle v. Kurtz, 210 Pa. 183; Greene v. Phila., 63 Pa. Superior Ct. 121; Goff v. Phila., 214 Pa. 172.

*Michael E. Stroup,* with him *J. Dress Pannell,* for appellee.—There was sufficient evidence in the case from which the jury could find that defendant had constructive notice of the depression in the plot around the second tree: Shafer v. Phila., 60 Pa. Superior Ct. 256; Llewellyn v. Wilkes-Barre, 254 Pa. 196; McIntyre v. Pittsburgh, 238 Pa. 524; Emery v. Pittsburgh, 275 Pa. 551; Gross v. Pittsburgh, 243 Pa. 525; Spencer v. Phila., 276 Pa. 310.

OPINION BY MR. JUSTICE WALLING, June 26, 1926:

Plaintiff recovered a verdict and judgment for injuries sustained by falling on an alleged defective sidewalk; defendant has appealed.

The judgment cannot be sustained.  Walnut Street, in the defendant city, extends, inter alia, easterly from

Front Street to River Avenue, a short block, on the south side of which is the public library building, erected in 1912. The entire width of the south sidewalk there is eleven feet, but standing therein adjoining the curb are six shade trees, surrounded by grass plots approximately four feet wide and ten feet long. It is a granolithic or cement sidewalk, the eleven-foot width of which is reduced to seven feet at the grass plots; these plots, common throughout the city, were placed there by virtue of an ordinance, to afford the trees moisture and air. The walk was two inches above the curb and the plots were not intended to be higher than the one or lower than the other; that is, never above nor more than two inches below the surface of the cement walk. An arc light of 2,000 candle power, under the old nomenclature, hung over the intersection of River Avenue and Walnut Street, which was about fifty feet from the second grass plot, and across the street from the latter was a beacon light at the door of the police office. About 8:30 o'clock on the evening of September 4, 1921, plaintiff, while walking west on the south sidewalk, accompanied by a lady friend, fell and was badly hurt as she stepped upon this second grass plot. Her contention, supported by sufficient evidence to take that question to the jury, is that she stepped into a depression five or six inches in depth, which she failed to see because of the darkness.

A fatal defect in plaintiff's case is the entire absence of any proof tending to show the existence of such depression at any time prior to the accident. There is some evidence that it was there afterwards, but none that it was there before. There was little if any grass in this plot and plaintiff's brother testified the surface of the depression looked hard when he saw it the next day. This might well be, as the soil had been there for years; moreover, the sudden appearance of a depression in a sidewalk or cartway from some underground cause, is not a very extraordinary occurrence in a city street and might leave the surface depressed but unbroken. The

primary duty to construct and maintain sidewalks, grass plots, etc., is upon the property owner (Emery v. Pittsburg, 275 Pa. 551; Duncan v. Phila., 173 Pa. 550), and the municipality is not liable for defects therein until it has notice thereof and an opportunity to repair: Lawrence v. Scranton City, 284 Pa. 215; Davis v. Corry City, 154 Pa. 598. Here, admittedly, the defendant had no actual notice of the alleged defect and there is nothing to show constructive notice, which arises only where the defect is such as to be generally observable by pedestrians (Emery v. Pittsburgh, supra; Burns v. Bradford City, 137 Pa. 361), and has existed so long that the city, by the exercise of reasonable care, should have discovered it. In the instant case several witnesses for the defendant, familiar with the place, deny the existence of such depression entirely, and no one on either side says it existed prior to the accident. Miss Mary E. Rudy, a witness for defendant, testified there were no holes in the grass plots more than two inches deep and that about June, 1921, these were filled with clay which washed away the last of that summer. She fixes no date and it is impossible to say from her testimony whether the clay washed away before or after plaintiff's accident. The city cannot be visited with constructive notice of an alleged defect which so far as appears did not exist and in any event was not discovered before the accident. That none of the hundreds of people using the walk by day and by night prior to the accident, discovered the alleged defect, indicates it did not then exist. So far as appears, it may have resulted from a washout or other cause on the day of the accident. To infer the prior existence of the defect and from that infer the city had notice thereof, would be basing one presumption upon another, which cannot be done. A verdict was properly directed for defendant where it was not shown how long the ridges of ice, which caused plaintiff's fall, had existed, or that the city had actual or constructive notice thereof: Roop v. Phila., 266 Pa.

353; and see Rogers v. Williamsport, 199 Pa. 450. In every case where a verdict has been sustained against a municipality because of constructive notice, it was shown that the defect in question had existed for a considerable time, varying according to the circumstances; and the prior existence of the defect has never been assumed without proof.

The right of a municipality to use or permit property owners to use certain portions of a highway for purposes of adornment, like statuary, grass plots, shade trees, etc., is undoubted. See Penna. Mut. Life Ins. Co. v. Cuyler et al., 283 Pa. 422, 428, and authorities there cited, especially Martin v. Williamsport, 208 Pa. 590. The grass plot, being lawful and constructed in the customary manner, and defendant, having no notice of any defect therein, was not at fault; hence, the question of contributory negligence need not be passed upon.

The judgment is reversed and is here entered for the defendant non obstante veredicto.