Chase *v.* City of Erie, Appellant.

Argued April 13, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Henry MacDonald,* Assistant City Solicitor, and with him *J. B. Held,* City Solicitor, for appellant, cited: Dress v. Harrisburg, 287 Pa. 157; Roop v. Philadelphia, 266 Pa. 353; Rogers v. Williamsport, 199 Pa. 450.

*Henry C. Baur,* for appellee, cited: Reed v. Schuylkill Haven Boro., 22 Pa. Superior Ct. 27; Green v. Hollidaysburg, 263 Pa. 430.

Opinion by Trexler, P. J., July 8, 1931:

The plaintiff recovered a verdict against the City of Erie for damages sustained by falling on an icy sidewalk and breaking his leg, necessitating its amputation. The only question involved is whether the city had constructive notice of the existence of the icy condition of the sidewalk at the place of the accident. There may have been a question as to whether the condition of the sidewalk was such as imputed negligence on the part of the city, even if it had notice

of its existence, but as we are all of the opinion that the plaintiff failed to establish constructive notice to the city, we will only consider the latter phase of the case.

There was an entire absence of proof to show the existence of the condition complained of at any time prior to the accident and, of course, it was not shown that it had existed so long that the city by exercise of reasonable care should have discovered it.

There was a question put to a witness which might have thrown light on the subject. It was, "Did you observe whether or not that condition had existed and apparently existed for some time there?" But the answer, "Just a slush there," was not responsive and the inquiry was dropped.

In Dress v. Harrisburg, 287 Pa. 157, in setting aside a verdict for the plaintiff in a sidewalk case, Judge WALLING took occasion to state, "In every case where a verdict has been sustained against a municipality because of constructive notice, it was shown that the defect in question had existed for a considerable time, varying according to the circumstances, and the prior existence of a defect has never been assumed without proof." To the same effect are: Roop v. Philadelphia, 266 Pa. 353; Swan v. Indiana Boro., 242 Pa. 596; Rogers v. Williamsport, 199 Pa. 450.

There must be some actual proof as to the time the condition existed in order to impute knowledge to the city authorities. As above stated, the case is devoid of any testimony as to how long the condition had existed. This was a necessary element in the plaintiff's case. The lower court should have granted the motion for binding instructions.

The judgment is reversed and is now entered in favor of the city.