## Clark *v.* Pittsburgh, Appellant.

Argued April 18, 1941.

566

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, RHODES, HIRT and KENWORTHEY, JJ.

*John F. McDonough,* Assistant City Solicitor, with
him *Wm. Alvah Stewart,* City Solicitor, for appellant.

*I. E. Binstock,* with him *Jacob Margolis,* for appellee.

OPINION BY RHODES, J., July 18, 1941:

This is an appeal by the City of Pittsburgh from the
judgment entered on a verdict in favor of plaintiff for
damages sustained as the result of a fall on a sidewalk
and the consequent injuries.

Defendant's motion for judgment n. o. v. having been
overruled, it appealed, and assigns as error this action
of the court below.

Municipalities are not insurers against accidents;
and it was an essential element of proof that plaintiff
establish that defendant had actual or constructive
notice of the particular defect which she alleged caused
her injury.

In the absence of any evidence of actual notice, the
question involved is whether defendant had constructive
notice of the existence of a defective condition of the
sidewalk at the place where the accident occurred.

Assuming for present purposes that a tortious condi-
tion was present, we are of the opinion that plaintiff
failed to prove that defendant had constructive notice of
the condition complained of.

"In every case where a verdict has been sustained against a municipality because of constructive notice, it was shown that the defect in question had existed for a considerable time, varying according to the circumstances; and the prior existence of the defect has never been assumed without proof": *Dress v. Harrisburg,* 287 Pa. 157, at page 161, 134 A. 400, at page 401.

We are unable to find from the record that plaintiff presented any evidence as to how long the particular sidewalk defect existed prior to her injury, or that this defect was not the result of the immediate weather conditions.

On the morning of February 13, 1936, about 9:30 A. M., plaintiff, who lived at No. 604 Oakwood Street, in the city of Pittsburgh, slipped and fell on the sidewalk in front of premises located at 610 Oakwood Street. The pavement was composed of several stone slabs, and at the point where plaintiff fell the stone slab was about 4 feet by 6 feet, and was raised along its inner edge about 4 inches. It was covered with a sheet of ice which in turn was overlaid with a blanket of snow. The night before the accident there was sleet and rain followed by freezing and snow.

In the testimony we find some general statements to the effect that those slabs "have been there all along, they were bad; they were rough, you could walk on them—." This was plaintiff's testimony. Another witness testified: "The condition of that sidewalk was, it was kind of slanting, like one end of the slab was higher there than another." Rain followed by freezing may have raised the one stone slab above other portions of the walk, and defendant may have had no opportunity to know this fact; or the sidewalk may have been in a defective condition for weeks or months. The burden was on plaintiff to establish the defective condition of the sidewalk which caused her injuries, and that it had existed such a length of time that defendant's officers exercising a reasonable supervision ought to have ob-

served it. *Lohr v. Philipsburg Borough,* 156 Pa. 246, 250, 27 A. 133; *Miller et al. v. Erie et al.,* 340 Pa. 177, 181, 182, 16 A. 2d 37.

Plaintiff had ample opportunity to present proof, if she had it, to show that the defect which caused her injury had been there prior to the accident, and that it had so continued to exist for such period of time that defendant, by the exercise of reasonable care and diligence, should have discovered it and put the walk in a state of repair.

Recovery for her unfortunate injury is impossible in the absence of this essential element of proof by her. *Chase v. City of Erie,* 102 Pa. Superior Ct. 288, 290, 156 A. 630; *Taylor et ux. v. Philadelphia et al.,* 138 Pa. Superior Ct. 194, 199, 10 A. 2d 75.

Judgment is reversed, and is here entered for defendant, the City of Pittsburgh.