## Sherman, Appellant, *v.* Pittsburgh.

Argued April 14, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Alex A. Garroway,* with him *Campbell, Wick, Houck & Thomas,* for appellant.

*James G. Legnard,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellee.

OPINION BY RHODES, J., September 27, 1944:

This is an action in trespass brought by plaintiff against the City of Pittsburgh to recover for personal injuries sustained by him. On May 6, 1941, plaintiff was injured while walking along the sidewalk on the east side of Smithfield Street between Third and Fourth Avenues in downtown Pittsburgh. The accident occurred at 3:50 P. M. on a clear day in front of the old U. S. post office building when he stepped on a portion of the sidewalk adjacent to the entrance to the women's comfort station which is located close to Third Avenue and near the curb of Smithfield Street. He partially fell when a section of the concrete sidewalk upon which he stepped gave way. For the injuries which he sustained the jury rendered a verdict in his favor. Upon motion of defendant the court below entered judgment, notwithstanding the verdict, in favor of defendant. Plaintiff has appealed.

The duty which the city owed to plaintiff was that of maintaining its streets in a reasonably safe condition for travel; and for plaintiff to recover he must establish a breach of that duty, and that it caused his injury.

*Burns v. City of Pittsburgh et al.,* 320 Pa. 92, 94, 181 A. 487. But a municipality is not an insurer against accidents, nor of the safety of pedestrians. *Clark v. Pittsburgh,* 145 Pa. Superior Ct. 565, 566, 21 A. 2d 413; *Davis v. Wilkes-Barre,* 286 Pa. 488, 491, 134 A. 105.

In the present case the injuries suffered by plaintiff were the result of a defective condition in the sidewalk, but the liability of the city arises only if it had notice, actual or constructive, of the existence of such condition at the place where the accident occurred *Good et al. v. Philadelphia et al.,* 335 Pa. 13, 16, 6 A. 2d 101. To have charged the city with constructive notice, it must have appeared that the dangerous condition was apparent upon reasonable inspection.

We are of the opinion that the record in this case fails to disclose any negligence upon the part of the city, or any notice, actual or constructive, to the city of any danger in the condition of the sidewalk at the place where plaintiff sustained his accident.

The defect in the sidewalk was latent and not observable. Neither the plaintiff nor his witnesses testified that there was anything about the sidewalk to indicate that it was in a dangerous condition. Plaintiff testified that he used the sidewalk where the accident happened, almost every day. It appears, as told by himself, that, at the time, "I was looking where I was walking." He said there was "Nothing unusual with the sidewalk. Well, I would say there was a few cracks in the sidewalk; that is about all." Continuing he testified as follows: "Q. Was there any break in the sidewalk at that point? ....... A. No. I couldn't see any break in the sidewalk. Q. As far as you could see was it level or was part of it lower or higher than the rest of the sidewalk? A. It was naturally level. ....... Q. Had you been there before? A. Not that day. I have been there other days back and forth. ...... Q. And you said there was nothing about the sidewalk

that would lead you to believe it was dangerous? A. That is right."

Other witnesses for plaintiff also testified that on the day of the accident there was nothing to indicate that the concrete block in the sidewalk where plaintiff was injured should not be used.

There was no proof that the city had actual notice of the defect in the sidewalk in question. The testimony of the matron of the comfort station that water came through the ceiling of the comfort station when it rained afforded no basis for actual notice to the city of a defective or dangerous sidewalk. The comfort station, as far as the record discloses, was not under the location of the point of the accident on the sidewalk. As a matter of fact, the only inference is that it was not.

Finally, there was no proof as to what caused the condition of the sidewalk at the place where plaintiff was injured, how long it had existed, that there was improper construction, or that the city had or was chargeable with knowledge. The place of the defect and its nature were not such as would imply notice to the city at the time when the defect occurred or began to develop.

If there was a dangerous condition in the sidewalk at the place of accident, and it was observable, and plaintiff chose to proceed notwithstanding, he would have been guilty of contributory negligence; but if the condition was not observable to plaintiff it was not such as to charge the city with constructive notice; consequently, there can be no recovery. *Malone et ux. v. Union Paving Co. et al.*, 306 Pa. 111, 116, 159 A. 21; *German v. McKeesport City et al.*, 137 Pa. Superior Ct. 41, 46, 8 A. 2d 437.

We find no extraordinary circumstances, as plaintiff suggests, in the present case which would make the general rule inapplicable. *Good et al. v. Philadelphia*

*et al., supra,* 335 Pa. 13, 6 A. 2d 101; *Malone et ux. v. Union Paving Co. et al.,* supra, 306 Pa. 111, 159 A. 21; *Emery v. Pittsburgh,* 275 Pa. 551, 119 A. 603; *Yeager v. Berwick Borough,* 218 Pa. 265, 67 A. 347, resemble, in some respects, the case at bar.

Judgment is affirmed.